ALLEN & DOUGHERTY v. BENJAMIN B. BROWN.

JUNE TERM, 1838.

Allen & Dougherty v. Brown.

1. A refusal to grant a new trial, on motion made more than four days after the trial, is not error.

2. Plaintiff delivered a slave to an auctioneer to sell, and she was sold accordingly. In an action by plaintiff to recover from the auctioneer the amount for which the slave sold, it is necessary for him to prove such property in the slave, as will entitle him to receive the proceeds of the sale.

3. Where an interested witness is introduced by either party, and the opposite party consents that his testimony be heard, the court should let it go to the jury.

| 5 | 323 |
|---|---|
| 49a | 606 |
| 5 | 323 |
| 122 | 114 |
| 5 | 323 |
| 62a | 627 |
| 5 | 323 |
| 138 | 500 |
| 5 | 323 |
| 141 | 637 |
| 5 | 323 |
| 153 | 473 |

*T. Polk and J. B. Bowlin,* counsel for appellants:

1. Gabriel P. Cerre had no such interest in the matter under consideration, as was in law sufficient to exclude his testimony—1 Starkie's Ev. 20, 21, 22; also, 102, 103, 104; also, Saund. Pl. and Ev. 941, 944–5; 1 Stark. Ev. 105, 106, 107, &c.

2. The rule which excludes agents in an action against the principal for negligence, extends only to cases concerning tortious acts or negligence; in all other cases they are competent—Green v. N. R. Company, 4 T. R. 590; 2 Saund. Pl. and Ev. 947; Buller's N. P. 289; 2 H. B. 590. But in this case the *defendants* were in capacity of *agents* and not the *witness.*

3. It is now well settled that an interest in the question in dispute, is not sufficient to render the witness incompetent—2 Saund. Plead. and Ev. 941; Watson v. Shelby, 1 T. R. 300; Bent v. Baker, 3 do. 32; 7 do. 603; Rex v. Bray, Hardwicke, 306.

4. In 1 Saund. Plead. and Ev. 67, the competency of the purchaser of goods in an action by principal against agent for not accounting, is clearly laid down. It is there said in so many words, that in such an action the purchaser is a good witness to prove the receipt of the proceeds of the sale by defendants."

5. In an action of the present kind, the plaintiff must prove the defendants' retainer and employment as stated in the declaration—1 Saund. Plead. and Ev. 66, 67; Lopez v. De Tastu, 1 Brod. & Bing. 544. The objection to Cerre's testimony came too late; he had been examined in chief, and after being allowed to go through his testimony, the court took it upon itself to tell the jury they must exclude all he said, because he was interested —see 1 Stark. Ev. 123, 124, 125; Ogle v. Pulaski, 3 Eng. Com. Law, 164.

*Bogy and Hunton,* counsel for appellee:

1. Cerre was an interested, and therefore, an incom-

JUNE TERM,
1838.

Allen & Dough-
erty
v.
Brown.

petent witness.  He was the purchaser of the negro girl from Allen & Dougherty, who were the agents of both parties; and if, by his testimony, the action of the plaintiff were defeated on the ground of unsoundness of the slave, then he would be relieved from all liability.

2.  The defendants were directed by Brown to sell the negro girl for cash; they received the woman; they sold her; she was delivered by them to Cerre; the contract of the sale was then consummated, and the defendants liable for the amount for which the negro was sold.

3.  There is not the slightest proof that the negro was returned to Allen & Dougherty or to Brown.  She has never returned to the plaintiff, and what disposition was made of her by Mull, in whose possession the witness put her, does not appear.

4.  The contract of sale could not be rescinded without proof of fraud and unsoundness of the slave, and then it would be incumbent on *the purchaser to return her and place the vendor in statu quo*—4 Bibb, 91; 1 J. J. Marshall, 54.  It is repeated, that Cerre failed to return the negro.

5.  The court properly overruled the defendant's motion for a new trial, because it was not made in time. Judgment was had on the 27th April, and the motion was made on the 3d of May, and one of the reasons filed as late as the 5th of May—Mo. Stat. 469.

The authorities cited, are Singleton v. Munn, 3 vol. Mo. R. 465; Bellesime v. McCoy, Mo. R. vol. 1, p. 318; 4 Dunford & East, 468, Wilkinson v. Payne, as to new trials; and 5 Dunford & East, 436, as to the time to move for a new trial.

EDWARDS, Judge, delivered the opinion of the court.

This was an action of assumpsit, commenced by Brown against Allen & Dougherty, in the St. Louis circuit court, to recover the value of a negro woman sold by them as auctioneers.  The declaration contains three counts; the first and second, special counts, setting out in substance the same state of facts; that is, that the plaintiff delivered the girl to the defendants, to be by them sold and disposed of for and on account of the plaintiff, for a certain reasonable reward to be paid defendants by plaintiff, in consideration of which, defendants undertook to render to plaintiff a true account of the sale of said negro; that plaintiff requested defendants to account, and that defendants refused to do so.  The third count is for money had

and received to the use of the plaintiff. The defendants pleaded the general issue; the trial was had on the 27th day of April, 1838, and verdict and judgment for plaintiff. On the 3d of May following, the defendants moved for a new trial, and filed their reasons, and the court overruled the motion.

On the trial, Gabriel P. Cerre was called as a witness by the plaintiff, and Cerre proved that he purchased the slave, in the declaration mentioned, at public auction, of the defendants, who were auctioneers; that at the sale the girl was represented as a sound woman, a good washer and ironer; but that he discovered, after the girl was taken home by him, that she was lame and not sound; and that a day or two after, not considering himself bound by his bidding, he put the girl in the hands of William Mull for the purpose of sending her back to the defendants. The sale was a cash sale. Bernard Finney proved that he was present and bid for the girl; that she was offered for sale by the defendants, as auctioneers, for cash, as sound, a good washer and ironer; that he bid for the girl as high as $250, and that Cerre overbid him $5, and the girl was knocked down by the auctioneer to said Cerre; the said slave was present at the sale; appeared to be of the age of forty-five years, and apparently sound and healthy; but that the witness, on some one remarking that the girl was lame, desisted from bidding. The witness further proved that, after the sale, the negro passed out of the auction room, but witness did not see her go into possession; but from conversation had afterwards with said Cerre, he took up the impression that the negro came into the possession of said Cerre.

The court charged the jury that if they should be of opinion from the evidence, that the slave in question was sold to Cerre upon the condition of prompt payment in cash, and was delivered to said Cerre, or taken possession of by him in virtue of such sale, and that Cerre either had or had not in fact paid for said slave upon the sale thereof and delivery to him, the jury should find for the plaintiff.

As the court had before observed in reference to Cerre's testimony, the jury should exclude it from their consideration altogether, inasmuch as in the opinion of the court, the effect of Cerre's testimony, if believed, would be to exonerate the defendants in this case from a pecuniary liability, and consequently to exonerate the witness himself, who was represented in the sale by the defendants,

JUNE TERM,
1838.

Allen & Dough-
erty
v.
Brown.

who, in the eye of the law, were the agents as well of the vendee as of the vendor.

That, although exclusive of Cerre's testimony, there was no specific proof of the fact of an actual delivery of the slave by the auctioneers, the defendants, into the hands of Cerre, there was yet some evidence on the subject of the possession of the slave by Cerre, which the court would leave to the jury, and from which they might deduce an inference of the delivery or the non-delivery of the slave to Cerre.

The quantum and measure of damages, the court left exclusively to the jury. To these opinions the counsel for the defendant excepted.

A refusal to grant a new trial, on motion made more than four days after the trial, is not error.

In this case the trial was had on the 27th day of April, and the motion for a new trial was not made until the 3d of May following, after a lapse of more than four days. "All motions for new trials shall be made within four days after the trial"—R. C. 1835, sec. 1, p. 496; and although the courts may, in some particular cases, on the suggestion of the party interested, look into the matter, and where substantial justice has not been done, may grant a new trial, yet a refusal to do so is not such an error as can be taken advantage of by the party who has suffered the time in which he might legally have asserted his rights to pass by. But if the court grants the new trial, the opposite party can take his exceptions to the decision of the court, and have his writ of error, and reverse the decision of the court, if the discretion of the court has not been exercised soundly in granting a new trial. There was no error then in overruling the defendant's motion for a new trial.

Pltf. delivered a slave to an auctioneer to sell, and she was sold accordingly. In an action by pltf. to recover from the auctioneer the amount for which the slave sold, it is necessary for him to prove such property in the slave, as will entitle him to recover the proceeds of the sale.

The court instructed the jury that if they should be of opinion from the evidence, that the slave in question was sold to Cerre upon the condition of prompt payment in cash, and was delivered to said Cerre, or taken possession of by him in virtue of such sale, and that Cerre either had or had not in fact paid for said slave upon the sale thereof and delivery to him, the jury should find for the plaintiff. This instruction was not broad enough. It exonerated the jury from finding whether the plaintiff had proved such property in the slave in question as would entitle him to recover from the defendants the proceeds of the sale of said negro, and was therefore wrong.

Where an interested witness is introduced by ei-

The next instruction was, that the jury should exclude Cere's testimony from their consideration altogether, inasmuch as in the opinion of the court, the effect of Cer-

re's testimony, if believed, would be to exonerate the defendants in this case from a pecuniary liability, and consequently to exonerate the witness himself, who was represented in the sale by the defendants, who, in the eye of the law, were the agents as well of the vendee as of the vendor. Cerre was introduced as a witness by the plaintiffs, and the defendant objected to the exclusion of his testimony from the jury. Both parties then were willing to make him a witness, and they had a right to do so. The court therefore erred in excluding his testimony from the jury. Whether Cerre had such an interest in the event of the suit, as would have authorized the court to exclude his testimony on the motion of a party objecting, is a question about which the court is not so well agreed, and one that, for the present, will not be decided. The other instructions were properly given; but for the errors above, the judgment of the circuit court ought to be reversed, and the other judges concurring, it is reversed and remanded.

McGirk and Tompkins, Judges.—We concur in the foregoing opinion, except as to the matter of the new trial; on that point we think the motion was too late to be heard.

*Margin notes: JUNE TERM, 1838. Allen & Dougherty v. Brown. ther party, and the opposite party consents that his testimony be heard, the court shall let it go to the jury.*