## KANSAS CITY v. MASTIN et al., Appellants.

**In Banc, June 4, 1902.**

1. **Condemnations:** MOTION FOR NEW TRIAL: WITHIN FOUR DAYS. Where the charter of a city in reference to condemnation proceedings specifies, as does the statute, that a motion for a new trial must be filed within four days after the rendition of the verdict, a refusal of the trial court to grant the motion for a failure to comply with that requirement, is not error, and the appeal will be treated as if no such motion had been filed, and in such case there is nothing before the appellate court but the record proper.

2. **Recitals of Record:** VERITY: IMPEACHMENT. Where, in an effort to get rid of a recital in the court record, that the jury in a condemnation proceeding was discharged on September 14, the affidavit of a juror is presented, to the effect that the discharge was made on June 8, —the finding of the trial court on this issue of fact will not be disturbed on appeal. Such evidence is too inconclusive to overthrow the judgment or proceedings of a court.

3. **Condemnations:** PARKS: NOTICE BY PUBLICATION: SUFFICIENCY. An order of publication in a proceeding by Kansas City to condemn property for a public parkway, which notifies those whose property is to be taken and those whose property is liable to be assessed with benefits, and clearly defining the limits of the benefit district, as does the ordinance, is sufficient notice. It is not necessary that such publication notify the property-owner that all lands in the benefit district will be actually benefited, or that a judgment for any specific sum will be rendered, or that a lien will be established against his property for that sum. If the ordinance and publication clearly define the limits of the benefit district, the owner is notified that a

jury of freeholders will determine the amount of benefits, if any, that his property therein will receive from the contemplated improvement.

4. ———: ———: ———: MOTION TO SET ASIDE VERDICT: UNREASONABLE NOTICE. The provision of a city charter which requires four weeks' notice by publication of the condemnation proceeding, and a motion to set aside the verdict to be filed within four days after the same was rendered, is not so unreasonable as to justify the court in holding it unconstitutional and the judgment void because of insufficient notice and time allowed.

5. ———: ———: LIMITATIONS ON LEGISLATIVE BODY: COMMISSIONERS. The provision of a city charter requiring the recommendation of a board of commissioners as a condition precedent for the establishment of a park by the council does not establish a "third house of legislation," nor is that limitation of the council's legislative powers unconstitutional (BURGESS, C. J., and SHERWOOD, J., dissenting).

6. ———: ———: NECESSARY PARTIES. A proceeding to condemn land for opening and establishing a public parkway for a city, is properly conducted in the name of the city.

7. ———: ———: FILING OF ORDINANCE: RECORD RECITAL: PRESUMPTIVE VERITY. Every presumption must be indulged that competent and satisfactory evidence was offered in support of a record recital that the board of park commissioners caused the ordinance establishing the park to be filed as required by the charter.

8. ———: ORDER OF PUBLICATION: OFFICIAL ORGAN: PRESUMPTION. Where the statute requires that the notice of the establishment of a park shall be published in a paper with which the circuit judges have contracted for the publication of all notices and orders of publication, it will be presumed, in the absence of a showing to the contrary, that the paper in which the trial judge ordered the notice to be published, was the one contracted with by the judges to do the legal advertisement.

9. ———: ———: PLEADING: SYSTEM OF PARKS. The power to condemn property for a public parkway is not made dependent, under the charter of Kansas City, upon the adoption of a system of parks, nor is the power of the city to acquire and condemn parkways or boulevards restricted by a charter provision requiring the park commissioners to devise and adopt a system of public parks, parkways and boulevards; and, hence, a proceeding to establish a parkway is not void because there is no statement in the ordinance or record of

the case that the board had devised and adopted such a system. The devising and adopting of such a system is not, under that charter, a jurisdictional fact necessary to be stated in every petition or ordinance for the establishment of every park, parkway or boulevard.

10. ———: MUNICIPAL DISCRETION: IMPLIED CHOICE.   Where one of two methods for the establishment of a parkway for public use is left entirely to the discretion of the city council, the fact that it adopts one instead of the other is conclusive evidence that the council "deemed that mode best" which it adopted.

11. ———: PARKS: RAILROADS.   The facts of this case are reviewed and under point 8 it is held that, as the release to a railroad, under which the parkway passes, of certain lots, in consideration of an adjustment as to abutments, embankments and mutual easement rights between the city and the railroad, did not materially impair the value of the public improvement as a whole, the proceedings will not be held invalid on the complaint of a landowner to the effect that the result of the agreement will be to make a substantial change in the character of the improvement.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

AFFIRMED.

*R. H. Field* for appellants.

(1)  (a)  The provision in section 11 of the park law of Kansas City for the published notice "To whom it may concern," that a jury is to be impaneled "for the ascertaining of the compensation to be paid for the property to be taken or damaged and the amount of benefit, if any, to be assessed therefor," does not require any affirmation or fair implication that all or any lands in the benefit district, are actually or especially benefited, or that a judgment establishing a lien against the same for benefit in any sum is to be rendered in such proceeding.   It therefore conceals from the interested property-owner more than it notifies him of the real purposes of the proceeding.   Such a meager requirement of notice of

what is proposed to be done compared to what is authorized to be done therein in the proceeding, is not due process of law, and violates the fourteenth amendment to the Constitution of the United States. Billingham Bay & Co. v. New Whatcom, 172 U. S. 318; Reynolds v. Stockton, 140 U. S. 254; Munday v. Vail, 34 N. J. L. 422; Windsor v. McVey, 93 U. S. 283; Brown on Jurisdiction (2 Ed.), sec. 2 a; Williamson v. Childres, 25 Miss. 78; Louisville v. Cochrane, 82 Ky. 15; Burnell v. Thompson, 12 Bush (Ky.) 116; Nabors v. Governor, 3 Stewart & P. (Ala.) 15; Broughton v. Pres. of Bank, 6 Porter (Ala.) 48; Babb v. Underwood, 42 Mo. 483. (b) The requirement that the owner of lands assessed with benefits, on notice by publication shall, within four days' time after the verdict, present all objections to the illegal actions and omissions of the court and jury, whether any such actions or omissions occur in or out of the court, or be known or made known to the property-owner within such time or not, and that, too, whether the proceeding itself be known to the property-owner at that time or not, is a taking of private property without due process of law, and violates the fourteenth amendment to the Constitution of the United States. For this reason the park law of Kansas City, under which this proceeding was instituted, is void. Roller v. Holly, 176 U. S. 398; Hayes v. Douglas Co., 92 Wis. 445; Cooley on Const. Lim., p. 505; Paul v. Detroit, 32 Mich. 109; Railroad v. Mayor, 96 Ga. 680. (2) Article 10 of the city charter violates sections 16 and 17 of article 9 of the State Constitution, because it creates a third house of legislation for Kansas City, in vesting controlling power in the board of park commissioners over the common council. Dissenting opinion in Kansas City v. Bacon, 147 Mo. 301; Commissioners of Wyandotte Co. v. Abbott, 52 Kan. 158. (3) The files in this proceeding do not sustain the record, which recites, that the park board caused the ordinance ordering the condemnation in the circuit court to be filed. On the contrary, the petition instituting the pro-

ceeding shows that the ordinance was filed in the name of Kansas City, Missouri, by the city counselor and the attorney for the park board. The circuit court was, therefore, without jurisdiction in this proceeding. (4) The record nowhere recites that the newspaper, in which was published the order of notice in this proceeding, was the newspaper under contract with the judge of the circuit court of Jackson county, for the publication of all notices and orders of publication, and which included the order of notice in question. Sec. 4692, R. S. 1899. The record, therefore, does not show jurisdiction of the circuit court in this proceeding. (5) The proceedings in question are void because there is no statement, in the ordinance filed or elsewhere in the record, showing that the board of park commissioners ever devised and adopted a system of parks, parkways, etc., in Kansas City, Missouri. Sec. 5, art. 10, Kansas City charter; State ex rel. v. Curtis, 86 Wis. 140; In re Blodgett, 52 How. Pr. (N. Y.) 120; Matter of Prot. Ep. Church, 45 N. Y. 178; St. Louis v. Gleason, 93 Mo. 33; Donnell v. Co. Commissioners, 87 Maine 233; Whitehead v. Denver, 13 Colo. App. 134. (6) It does not appear in this proceeding that the common council of Kansas City deemed best to provide for the establishment and acquisition of the lands for the proposed parkway by condemnation. This jurisdictional fact not expressly appearing, the judgment appealed from was unauthorized, and should be reversed. Donnell v. County Commissioners, 87 Maine 225-6; Railroad v. Englewood, 62 N. J. L. 188; State ex rel. v. Curtis, supra; In re Montgomery, 48 Fed. 896; Whitehead v. Denver, supra; St. Louis v. Gleason, supra; Anderson v. Pemberton, 89 Mo. 65; Sangford v. Few, 146 Mo. 143. (7) The recitals in the judgment show and sanction a dismissal of the proceedings as to the lands of the Belt Railway Company and except such lands from the judgment, though these lands were ordered taken by the ordinance. The judgment upon this and other extraneous matter is illegal and void and for which it must be

reversed.    Lewis on Em. Dom. (2 Ed.), sec. 505; Kansas City v. Smart, 128 Mo. 294.    (8)    (a)    The recorded acts of the court of receiving the verdict of the jury, computing and stating their time and allowance of service and then permitting them to leave the court and separate on June 8, 1901, without any order to again return or continue as a jury in the proceeding, amounted to a full discharge of the jury from the case on that day.    Snell v. Navigation Co., 30 Maine 337; Settle v. Allison, 8 Ga. 201.    (b)    The verdict of the jury had to stand as made by the jury.    The court's action in making the changes therein was unauthorized and illegal.    The court's only power was to render a judgment in exact accordance with the verdict by the jury, else to set the verdict aside and grant a new trial.    Dyor v. Coombs, 65 Mo. App. 148; Paulson v. Collins, 18 Id. 583; Fine v. Ladd, 29 Oregon 533; Ayers v. Chicago, 149 Ill. 262.

*R. E. Ball* and *C. S. Palmer* for respondent.

(1)    Many of the questions raised by the brief of appellants, in fact all of them but one, are, in our judgment, finally passed upon and adjudicated in the following decisions: Kansas City v. Field, 99 Mo. 352; Kansas City v. Scarritt, 127 Mo. 642; Kansas City v. Ward, 134 Mo. 172; Kansas City v. Duncan, 135 Mo. 571; Kansas City v. Marsh Oil Co., 140 Mo. 458; Kansas City v. Bacon, 147 Mo. 259; Kansas City v. Bacon & Munroe, 157 Mo. 450.    The appellants ignore these decisions.    They do not recognize that any such opinions were ever rendered by this court.    They do not ask to have these decisions overruled as being wrong.    They contend as strenuously for propositions of law which this court had pointedly held to be unsound, as they would or could if the court had never passed upon them at all.    (2)    The two motions to change the record entries of June 8 and September 14 were properly overruled.    We have stated, and appellants'

brief bears us out in so stating, that the purpose and object of these motions was to have the record show an order of final discharge of the jury on June 8, so that appellants could then make the technical contention that the court had not complied with the charter and had ordered the final discharge of the jury before reviewing the verdict, as the charter required. Appellants could not make this contention on the record as it stood, and so they must needs have it put in such shape as to enable them to do it. To accomplish this they must contend that the court and its clerk did not know what the proceedings of the court were on June 8, and they must have one of the jurors come in and tell the court by his affidavit that the record was false; that neither the judge nor the clerk knew what transpired on June 8; that the judge had violated the law and had, in fact, made an order of final discharge on that date. This is too preposterous to discuss.    (3)    The notice published was sufficient and in accordance with the charter.    Kansas City v. Duncan, supra; Billingham Bay & Co. v. New Whatcom, 172 U. S. 314.    (4)    Article 10 of the city charter is not unconstitutional as creating a third house of legislation.    The proposition that this article is unconstitutional is advanced in disregard of the pointed decision of the court in Kansas City v. Bacon, 147 Mo. 259.    (5)    The jurisdiction of the circuit court is shown by the records.    Appellants claim that the filings do not sustain the recitals of the record. They claim that the record recital stating that the board of park commissioners caused a certified copy of the condemnation ordinance to be filed, was false.    On what principle can this court accept the assertions of appellants as to what the filings show?    (6)    The publication in the paper doing the city printing was the only lawful publication, and the general statute as to judicial notices has no application.    Kansas City v. Marsh Oil Co., 140 Mo. 472.    (7)    The fact that section 5 of article 10 of the charter makes it the duty of the park board to devise and adopt a system of parks and boulevards

is not a jurisdictional fact that must appear in every condemnation ordinance.    It might just as well be contended that because section 8 makes it the duty of the board to provide at least one park in each park district, any ordinance of condemnation is void if it fails to recite the jurisdictional fact that the board had done so.    Section 10 shows what the condemnation ordinance must contain, and the ordinance in question completely conforms to the law.    If appellants' argument were sustained, the board never could have begun any proceedings, because it was jurisdictional that everything should have been done before anything was done.    (8)    That the common council "deemed best" to acquire these lands by condemnation is conclusively evidenced by the enactment of the ordinance.    Railroad v. Englewood, 62 N. J. L. 188. .

GANTT, J.—This is an appeal from a judgment of the circuit court of Jackson county, rendered on September 14, 1901, in the matter of the condemnation of land for opening and establishing a public parkway in the South Park district in Kansas City, Missouri, known as the "Paseo Extension," under ordinance of Kansas City, Missouri, number 13067, approved October 3, 1899, and entitled, "An Ordinance to Open and Establish a Public Parkway in the South Park district in Kansas City, Missouri."

The appeal herein was taken on October 4, 1901.

The appellants previous to October 4, 1901, never appeared to the proceeding, either in person or by attorney.    No property of theirs was taken or damaged, but certain of their real estate was assessed with benefits.

I.    Preliminary to any discussion of the propositions advanced by appellants, it is proper to call attention to the fact' that. as appellants failed to file their motions for a new trial within the four days required by the charter provisions, under which these condemnation proceedings were had, the action f the circuit court in overruling that motion was justified o

ground that it was out of time, if for no other reason, and it must be treated as if no such motion had been filed.    While the trial court may of its own motion grant a new trial at any time during the term at which a verdict is rendered, or may do so upon the application of either party for good cause shown, it has been uniformly ruled since the case of Allen v. Brown, 5 Mo. 323, that a refusal to grant a new trial on a motion for that purpose filed after four days is not error, and it has also been held that unless the record shows affirmatively that the motion was filed within the four days after the trial, this court will not review the exceptions presented in such motion.    [Moran v. January, 52 Mo. 523; Welsh v. St. Louis, 73 Mo. 73, and cases cited; Maloney v. Railroad, 122 Mo. 106; Bollinger v. Carrier, 79 Mo. 318; St. Joseph v. Robison, 125 Mo. 1.]

Equally well settled is the rule that unless an exception be taken and preserved by bill of exceptions to the action of the court in overruling a motion for new trial, there is nothing before the appellate court for review save and except the record proper.    [Ross v. Railroad, 141 Mo. 395, and cases cited.]

As section 16 of article 10 of the charter of Kansas City, adopted in 1889, provides that the verdict of the jury may be set aside, "on the motion  .  .  .  of any party interested in the proceedings, filed within four days after the rendition of the verdict, for good cause," it is not only "in harmony with the laws of this State," but is an almost literal rescript of the Code of Civil Procedure on that subject.    [Sec. 803, R. S. 1899.]

While this court has sustained the constitutionality of the charter provision under consideration, and held that the charter might have prescribed a different mode of procedure so long as the fundamental principles of due and just compensation and an opportunity to be heard is afforded the landowner (State ex rel. v. Field, 99 Mo. 352; Kansas City v. Oil 140 Mo. 458; Kansas City v. Bacon, 147 Mo. 272-3), in

this case, the charter tracks the general civil code, and there can be no pretense that it violates section 16 of article 9 of the Constitution in any way.

It follows that we have nothing for review but the record proper on this appeal.

II. The two motions to correct the record were overruled by the circuit court. The point involved in these motions is that the circuit court discharged the jury before it finally reviewed their verdict as required by the charter.

As the record of the court stood, the matter of the motions was contradicted by the record proper and their purpose was to get rid of the recitals of the record. To do this, the affidavit of one of the jurors was read to show that he heard the judge discharge the jury on June 8th, whereas the record shows they were not finally discharged until September 14th. This presented a question of fact to the circuit court as to the truth of its own record, and it found against the appellants, and every presumption must be and will be indulged that its finding was justified, and it will not be overturned by the unsupported affidavit of one juror who, however honest he may have been, might well have misunderstood the order of the court. The trial judge and the clerk of the court must be presumed to know better what the court did in the matter than one of the jurors. The solemn judgments and proceedings of our courts are not to be overturned upon such inconclusive evidence. There is no ground for disturbing the ruling of the court in overruling those two motions to correct the record.

III. The sufficiency of the notice of publication is challenged on the ground that it was not "due process of law," but this provision of the charter was expressly sustained in Kansas City v. Duncan, 135 Mo. 571. That the order of publication complied with the charter, and notified both those whose property was taken and those whose property was liable to be assessed with benefits, does not seem to be questioned, but it is asserted by the learned counsel that such a notice does not

notify the property-owners in the benefit district that all lands in the district are or will be actually benefited, or that a judgment for any specific sum will be rendered establishing a lien against said property in such proceeding and hence is too meager. We do not think the objection is tenable. When the limits of the benefit district are clearly defined in the ordinance and notice, the owner is notified that a jury of freeholders will determine the amount of benefits, if any, that his property therein will receive from the contemplated improvement.

The proceeding is special and it has often been ruled that notice by publication does not violate the rule that some notice must be given, and in the very nature of things, the city could not state in advance what the freeholders' jury, who alone are authorized to assess such benefits, will find and assess them to be. He has notice of the proceeding and he must advise himself thereafter of what the verdict is. It conceals nothing that can be stated when the ordinance is filed and the notice given. The charter requires the jury to assess each tract and thus by the verdict he is apprised before any judgment can be rendered, of the amount of the verdict against his lot or lots. "That is certain which may be rendered certain," and the maxim applies to such a proceeding and the notice is not void, because too indefinite. It could as well be argued that it was bad because it did not advise the owner whose property is to be taken, of the amount of damages which he is to receive for the taking of his property, and we know that no such thing is ever feasible or could be required in a condemnation proceeding. We have critically examined the cases cited by counsel, in support of his position, but none of them go to the extent contended for in this case.

Appellants also assail that provision of the charter which requires them to file their motion to set aside the verdict in four days, as unconstitutional, because insufficient as to time allowed. But this is a legislative function, and unless it

amounts to no time, it was for the framers of the charter and the people who adopted it, to say what should be a reasonable time. If the courts are to enter upon an inquiry as to the length of time to be given for filing objections, as asked by the Supreme Court of the United States, in Billingham Bay & Co. v. New Whatcom, 172 U. S. 318, "how much time can be adjudged necessary, *as a matter of law,* for preparing and filing objections?" In that case, the law only required three days' publication notice, and required an appearance of the parties ten days thereafter. The charter of Kansas City requires four weeks' publication; the case was heard and submitted March 25, 1901, and the verdict rendered June 8, 1901, and yet we are asked to say, as a matter of law, that after all this notice and the long pendency of the proceeding, that the requirement that parties must file their motions in four days after the verdict, is so unreasonable that the judgment is void. We think such a contention is very extreme. We are clearly of opinion that no guaranty of the Constitution was violated by this charter provision.

IV. The proposition that the charter of Kansas City violates sections 16 and 17 of article 9 of our Constitution, because it creates a third house of legislation in the board of park commissioners, was negatived in the decision of this court in Kansas City v. Bacon, 147 Mo. loc. cit. 283.

As there said, "it was entirely competent to require, as a condition precedent, a prior recommendation of the park board. Such a provision confers no power on the board to legislate, but simply imposes a limitation upon the council. Until the council acts, no park can be established." [St. Louis v. Gleason, 93 Mo. 33.] The city councils of said cities have not unlimited powers of legislation without regard to their charters, and it was never intended they should have. We see no reason for departing from the decision in Kansas City v. Bacon, on this point. [Kansas City v. Ward, 134 Mo. 172.]

V.   The proceeding was properly conducted in the name of Kansas City, and the park board of said city filed the ordinance as required by the charter.   The objection that the petition did not also contain an averment that the park board had filed it, or caused it to be filed, is without merit.   The record of the court recites that the board caused it to be filed, and no exceptions to the evidence by which that fact appeared to the court, have been preserved.   Every presumption must be indulged that competent and satisfactory evidence was offered, if indeed, any was required beyond the appearance of the city counselor and attorney of the park board, and the filing by them of the ordinance, the only thing required as the preliminary step.

VI.   As to the proposition that the notice was insufficient to confer jurisdiction on the circuit court, because it does not recite that the newspaper in which it was published was the newspaper under contract with the judges of the circuit court of Jackson county, for the publication of *all* notices and orders of publication, as required by section 4692, Revised Statutes 1899, it is only necessary to state that the publication was made in obedience to the order of the court, in the Kansas City Times, "the newspaper doing the city printing" for Kansas City.   There is not a scintilla of evidence in the record which tends to show it was not the paper which had contracted with the judges to publish orders of publication, and as the circuit court directed it to be published in said newspaper, every presumption will be indulged that it was published as required by law in the absence of any proof whatever to the contrary.   But more than this, if it should appear that the city had a contract with said newspaper to do all the city printing, and the said newspaper was not the one with which the circuit court had contracted for legal notices under the general statutes, still, as this was a municipal regulation and article 10 of the city charter adopted June 6, 1895, by section 11 thereof, required such notice to the property-owners to be printed "in

the newspaper doing the city printing," the publication was not without authority, because, notwithstanding the charter did not follow the Code of Civil Procedure in this particular, it was not, for that reason, out of harmony with the Constitution, or laws, of the State, and its special provision would control. [Kansas City v. Oil Co., 140 Mo. 458; State ex rel. v. Field, 99 Mo. 352.]

VII. But it is also contended that this proceeding must be adjudged void because there is no statement in the ordinance or record that the board of park commissioners had ever devised or adopted "a system of parks." As we understand this contention, it is that section 5 of article 10 of the charter confers upon the park board, the power, and devolves upon it the duty, of devising and adopting a system of parks and boulevards, and unless there is an allegation in every condemnation proceeding, that the board had first devised and adopted *a system,* there is no jurisdiction in the circuit court.

By section 1 of article 7 of the charter, general power is conferred upon the city to establish parks and boulevards. The language of section 5 of article 10 is, "Said board of park commissioners shall have power, and it shall be its duty, to devise and adopt a system of public parks, parkways, and boulevards, for the use of the city and its inhabitants, and to select and designate lands to be used and appropriated for such purposes" within said city. But the power to condemn is not made dependent upon the adoption of a system of parks and the power of the city to acquire or condemn parkways or boulevards is not restricted by such a provision. There is no requirement that evidence of the adoption of such a system shall be preserved in any particular form, or filed in any public office. In the absence of some provision in the charter or the ordinance under which the proceedings are conducted, that such a step shall constitute a condition precedent to the acquisition of a parkway by condemnation, it is not a jurisdictional fact necessary to be stated in the petition or ordinance.

The proceeding is required to be conducted in a court of general jurisdiction, and the power to condemn is given in the charter and ordinance, and the proceeding is clearly referable to that power and it is not essential that it shall be stated anew in order to confer jurisdiction. The provision is easily distinguishable from those cases in which the courts have no power to proceed until it appears that the parties can not agree, as in Ells v. Railroad, 51 Mo. 200, and Railroad v. Campbell, 62 Mo. 585. [Kansas City v. Smart, 128 Mo. 287, et seq.] The charter makes it obligatory that at least one park shall be established in each park district, without any reference to a plan of parks. Had appellants appeared at the trial, and proved, or offered to prove, that the park board had not devised a general system of parks, it would have constituted no defense whatever to the proceeding.

Neither was it essential to the validity of the ordinance that it should recite on its face that the city council "deemed it best" to acquire the lands for the parkway by condemnation. Where one of two methods is left entirely to the discretion of the council, the fact that it adopts one instead of the other, is conclusive evidence that it deemed that mode best which it adopts.

VIII. The sole remaining objection to the validity of the proceedings, is based upon the action of the court in regard to the condemnation of the crossing over the Kansas City Belt Railway Company's right of way. The verdict of the jury as to this property is essential to a proper understanding of this point. Flora avenue, which this proceeding was in part designed to widen, runs under a bridge, and the tracks of the Belt railway and some of the abutments supporting said tracks are upon, or in close proximity to the four tracts of land which appellants insist were excepted from this condemnation without authority of law. Bearing in mind that appellants are before this court only in the attitude of landowners, charged with benefits by the improvement and widening of this

parkway, and that the jury assessed no damages to the Belt railway, it will be seen that appellants were not chargeable by the verdict with any sum whatever to pay the damages which said railway had suffered by the widening or taking any part of its said lots 44 and 46 in Brent's addition to Kansas City. These lots are just under or just at the edge of the ground where the street runs under the track. The jury found that so much of said lots as were taken by the ordinance was worthless and allowed the company nothing.

Upon a return of this verdict, the railway company did not care to contest the amount of the verdict, but, recognizing that the use in the future by the railroad company of even a small part of said lots, to strengthen its abutments or embankments, would be a technical violation of the rights which this condemnation would confer upon the city to these lots, appeared in court, and thereupon the city and said railway entered into an agreement, which is incorporated in the judgment, whereby the railroad company agreed to give the city the absolute use of these four tracts, provided the city would not interfere with the maintenance of the abutments and embankments of the railway and with further strengthening them in accordance with the franchise theretofore granted by the city, if the railroad company desired to do so.

Both the city and the railroad are satisfied with this arrangement, and it was made a part of the decree, and the only possible ground of complaint on the part of appellants is that the effect of this agreement will be to make a substantial change in the character of the improvement for which appellants are assessed for benefits; that is to say, that by this agreement, the amount of lands condemned is reduced by the agreement of the city and the railway company below that ordered to be taken by the ordinance.

The jury had found the proposed extension would not damage the railway company, and hence, the property-owners were not to be taxed to pay for the acquisition, and the only

thing to be determined is, did the change materially impair the value of the improvement as a whole? It is clear that the only effect was to get the same property subject to the right of the railroad already constructed to maintain its abutments and embankments, as prudence might require in the future.

At the time this agreement was made, appellants had not appeared to the proceeding, and no other property-owner made any objection. Considering the peculiar nature of these lots, that an overhead railroad crossing had already been constructed and abutments built, and the railroad was the owner of these lots, it is obvious that the change did not materially lessen the value of the whole improvement. To overturn this whole proceeding and to tax the city with all the costs up to this time and incur the additional cost of another jury and trial, would be to disregard the very salutary provision of our statute which forbids this court "to reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action."

It was obviously not the intention of the city or the jury to destroy the public use for which the property was being used by the railroad company, but to acquire a right of way, subject to such prior public use, and all this was accomplished by the agreement and judgments with due regard for both the rights of the city and of the railroad.

We think that if the maxim "*de minimis*" is ever to be applied, this is a proper case for invoking it.

We find no reversible error in the record, and the judgment is affirmed. *Robinson, Brace, Marshall* and *Valliant, JJ.,* concur *in toto. Burgess, C. J.,* and *Sherwood, J.,* dissent as to paragraph 4, but concur in the other views expressed in the opinion.