KANSAS CITY, Missouri, Respondent,

v.

Retta A. CAIN, Charles A. Hoopes, Nellie May Hoopes, Orville D. Baker, Maurine Baker, Edward A. Benoit, Esther Benoit, Fred G. Hartman, Clifford L. Swenson, and Alma I. Swenson, Appellants.

No. 22974.

Kansas City Court of Appeals.

Missouri.

Dec. 15, 1958.

Robert L. Jackson, Kansas City, Richard N. McFaddin, McFaddin & Spooner, No. Kansas City, for appellants.

Robert E. Coleberd, Liberty, William Harrison Norton, No. Kansas City, amicus curiae.

Benjamin M. Powers, City Counselor, Herbert C. Hoffman, Associate City Counselor, Elmo M. Hargrave, Asst. City Counselor, Kansas City, Robert F. Sevier, Liberty, of counsel, for respondent.

HUNTER, Judge.

This is a condemnation proceeding by Kansas City, Missouri, a municipal corporation, instituted under the provisions of Article VI of its Charter, to obtain certain lands in Kansas City, Clay County, Missouri, for public use for park purposes. Suit was commenced to acquire the 250 tracts of land with the filing in the Circuit Court of Clay County of a copy of Ordinance No. 19358 with a plat of the land to be taken. Tract No. 148 was owned by appellants Charles and Nellie May Hoopes. Tract No. 149 was owned by appellants Frank and Retta Cain. These four persons are the only appellants who claim to be aggrieved and damaged by reason of the land taken by Kansas City in this proceeding. Appellants Orville D. Baker, Maurine Baker, Edward A. Benoit, Esther Benoit, Fred G. Hartman, Clifford L. Swenson, and Alma I. Swenson are the owners of tracts of land located within the benefit district, and whose tracts are a part of those assessed benefits for the payment of damages awarded to Mr. and Mrs. Hoopes and Mr. and Mrs. Cain, and the others suffering damages for land taken as a result of the condemnation proceeding.

The trial to a jury, as provided by the City's Charter, lasted over a year. The resultant jury verdict in the sum of $1,-378,050.24 was returned and filed October 14, 1957.

On November 27, 1957, appellants Orville D. Baker and Maurine Baker, Edward A. Benoit and Esther Benoit, Retta A. Cain, Fred G. Hartman, Charles A. Hoopes and Nellie May Hoopes, Clifford L. Swenson and Alma I. Swenson filed their "Motion to Discharge Jury and to Vacate Verdict". On December 4, 1957, appellants Retta A. Cain, Charles A. Hoopes and Nellie May Hoopes filed their "Motion to Discharge Jury and to Vacate Verdict". In each motion it is stated: "Movants pray the court to enter its order to discharge the jury herein; to va-

cate and set aside the verdict rendered herein on October 14, 1957, and for such other relief as may be meet and proper." Both of these motions were denied and overruled by the trial court on February 6, 1958. On that same day the motion of Kansas City, Missouri, to tender the sum of $1,378,050.24, the total amount of the jury awards in the condemnation proceeding, into court and deposit same with the clerk, was sustained. Thereafter, but on the same day, February 6, 1958, a judgment and decree confirming the jury verict and vesting title in respondent Kansas City was entered. On February 17, 1958, appellants filed their notice of appeal to the Supreme Court.

On November 10, 1958, the Supreme Court handed down its opinion transferring the cause to this court for the reason, as explained in its opinion, that this court has jurisdiction of the appeal. Kansas City v. Cain, 317 S.W.2d 331.

Appellants' contentions on this appeal which they say justify the upsetting of the entire verdict for $1,378,050.24 on all 250 parcels and require a new trial as to all of them can be summarized as (1) That Juror Caraway, admittedly a freeholder and resident of Kansas City, Missouri, when the jury was selected and sworn, lost that status prior to October 14, 1957, when the verdict was signed and entered of record; (2) that the trial court wrongfully fixed each juror's pay at $50 per day instead of $3 per day as specified by Article VI, Sec. 142, of the City's Charter; (3) that respondent City could and should have proceeded in its condemnation suit under an "alternative" procedure prescribed under Chapter 523, RSMo 1949 V.A.M.S.; and (4) that "the Circuit Court of Clay County had no jurisdiction over this proceeding * * *."

The contention concerning Juror Caraway's status as a freeholder and resident

of Kansas City is the only one mentioned in any motion filed by appellants in this case.

With regard to their contention concerning jurisdiction, appellants say that by the terms of Article VI, Section 131, of the Charter of Kansas City, only the Circuit Court of Jackson County was designated and such a proceeding as this could not be brought in any other circuit court; that by an amendment to the Charter on August 5, 1952, there was added Section 473.1 permitting this type of action under the City Charter to be filed in any county in the State of Missouri:[1] "That Section 473.1 is an illegal and inconsistent attempt to avoid the venue requirements of Section 508.030, Revised Statutes of Missouri, 1949 [V.A.M.S.], which requires that an action regarding real estate must be brought in the county where the land lies." Respondent City replies that there is no illegality or inconsistency in this case since the suit was brought in the county where the land lies; that there can be and in this suit is complete harmony in the two provisions and that "Kansas City need never be concerned with the possibility of a violation of that statute so long as it files such suits *before the circuit court having jurisdiction in the county.*"

■ The question of jurisdiction over the subject matter is one that may be raised at any time, and need not be the subject of a motion for new trial or of any particular motion, in order to be considered on appeal. United Cemeteries Co. v. Strother, 342 Mo. 1155, 119 S.W.2d 762; Hoover v. Abell, Mo.App., 231 S.W. 2d 217. Thus, that question is properly before us, and we do consider it.

■ We admit experiencing difficulty in following the logic of appellants' argument concerning the jurisdiction of the Clay County Circuit Court. For it is conceded

---

1. Section 473.1 of the City's Charter provides such suits as condemnation suits brought under the authority of the City's Charter "may be prosecuted by the city in any county *in which the city is situated before the circuit court having jurisdiction* in such county * * *." (Italics ours.)

and the record discloses that all of the land involved in this suit does lie in Clay County, and if the provisions of Section 508.030 RSMo 1949, V.A.M.S.[2] govern as to jurisdiction over the subject matter of the suit, as we believe they do, there has been full compliance with that section. See Stoops v. Stoops, 363 Mo. 1075, 256 S.W.2d 799.

If appellants are not arguing that jurisdiction of the subject matter does not lie in the Circuit Court of Clay County but rather are intending to argue that Kansas City, Missouri, is not authorized by its Charter to file a suit outside of Jackson County, Missouri, because of the claimed invalidity of Section 473.1 of its Charter authorizing the filing of such suits outside of Jackson County then what we say hereafter concerning appellants' failure to file a timely motion for new trial applies and fully disposes of that contention.

Next, we are confronted with the motion of respondent Kansas City to dismiss the appeal of appellants for failure to timely file their motion to discharge jury and to vacate verdict; and for their failure to file a motion for new trial, or for that matter, for their failure to file any after judgment motion. We have taken respondent's motion to dismiss the appeal with the case. Appellants have filed suggestions in support of overruling this motion. Amicus curiae, appointed by the Supreme Court, have filed their suggestions in support of sustaining the motion to dismiss the appeal.

Article VI, Section 155, of the Charter of Kansas City, Missouri, provides: "New trial. The court, on its own motion, or on the motion of the City or of any party interested in the proceedings filed within four days after the rendition of any verdict by a jury of freeholders, as above provided for, may for good cause set aside such verdict and thereupon, without further notice, may appoint a new jury of freeholders to try the cause de novo and to render a new verdict therein; * * *."

In Kansas City v. Mastin, 169 Mo. 80, 68 S.W. 1037, the motion for new trial was not filed within four days after the rendition of verdict, as provided for in the City's Charter. The trial court overruled the motion for the reason it was filed out of time and must be treated as if not filed at all. In its En Banc decision the Supreme Court stated, 169 Mo. loc. cit. 87, 68 S.W. 1038: "Preliminary to any discussion of the propositions advanced by appellants, it is proper to call attention to the fact that, as appellants failed to file their motions for a new trial within the four days required by the charter provisions under which these condemnation proceedings were had, the action of the circuit court in overruling that motion was justified on the ground that it was out of time, if for no other reason, and it must be treated as if no such motion had been filed. While the trial court may, of its own motion grant a new trial at any time during the term at which a verdict is rendered, or may do so upon the application of either party for good cause shown, it has been uniformly ruled since the case of Allen v. Brown, 5 Mo. 323, that a refusal to grant a new trial on a motion for that purpose filed after four days is not error; and it has also been held that, unless the record shows affirmatively that the motion was filed within the four days after the trial, this court will not review the exceptions presented in such motion (citations omitted). * * * It follows that we have nothing for review but the record proper on this appeal. * * *" Loc. cit. 90 of 169 Mo., loc. cit. 1039 of 68 S.W., "Appellants also assail that provision of the charter which requires them to file their motion to set aside the verdict in four days

2. 508.030. Actions for real estate, where commenced
   "Suits for the possession of real estate, or whereby the title thereto may be affected, or for the enforcement of the lien of any special tax bill thereon, shall be brought in the county where such real estate, or some part thereof, is situated."

as unconstitutional, because insufficient as to time allowed. But this is a legislative function, and, unless it amounts to no notice, it was for the framers of the charter and the people who adopted it to say what should be a reasonable notice."

The provisions of the Charter under review in the Mastin case have not been changed and are the same as those presently before us.

The Supreme Court also held in the Mastin case that the mentioned provisions of the Charter (now Article VI, Sec. 155) were equally binding and controlling in condemnation proceedings upon the owners whose land was taken and the owners whose land was assessed for benefits in the benefit district.

It is our view that the holding in the Mastin decision is controlling, and that the provisions of Article VI, Section 155, requiring a motion for new trial to be filed within four days after the rendition of the verdict are mandatory. Accordingly, where, as here, these mandatory provisions are not complied with, the result is that only the record proper is before us on appeal and all matters of exception are waived and not preserved for appellate review.

Appellants seek to avoid the mandatory four-day provision contained in Article VI, Section 155, of respondent City's Charter by arguing that even though they did not file their motion within the prescribed four-day period, another person, Velma R. Eckert, one of the property owners in the district, did within the required four-day period file a motion to correct verdict or in the alternative for a new trial. Appellants suggest that since the Eckert motion was timely it made their motions filed over 40 days later also timely. The record before us does not show what allegations of error were contained in the Eckert motion. It does show that on January 31, 1958, she waived and withdrew her motion to correct verdict, and that her motion for new trial was then overruled by the court. Velma R. Eckert did not appeal from any action of the trial court.

Appellants' contention is without merit. In a condemnation proceeding brought under respondent City's Charter each party defendant therein is to be treated and held as a separate party defendant distinct from every other party defendant. See, City of Kansas v. Hill, 80 Mo. 523, 539. The Eckert tract, and the tract of every other owner of land, including these appellants, were separate and distinct, and each owner was a separate and distinct party. When it is necessary to file a timely motion for a new trial in order to preserve a question for appellate review that motion for new trial must be timely filed by the appellant who wishes to present the question on appeal, and not by someone else. For it is a personal right, which to be preserved, must be timely and properly asserted by that person. See, City of St. Louis v. Lanigan, 97 Mo. 175, 180, 10 S.W. 475; Kansas City v. Woerishoeffer, 249 Mo. 1, 24, 155 S.W. 779; Yeoman v. Shaeffer, 155 Ind. 308, 57 N.E. 546. Appellants' failure to timely file the required motion for new trial is neither excused nor aided by the action of Velma Eckert who apparently did file a timely motion, but who, after it was overruled, did not appeal. Appellants are not entitled to tack their untimely motions to the timely motion of another party.

Thus, we have concluded that all of appellants' objections to the propriety and validity of the verdict and judgment, other than the one concerning jurisdiction of the subject matter which we have examined and found to be without merit, are matters of exception that were waived and not preserved for appellate review because of appellants' failure to include them in a timely motion for new trial as required by Article VI, Section 155, of the Charter of Kansas City, Missouri.

Respondents and amicus curiae have advanced as an additional reason, among others, why the judgment of the trial court

should be affirmed their contention that appellants have not preserved any matter for review because of appellants' failure to comply with Supreme Court rule 3.23, 42 V.A.M.S., requiring errors such as those complained of here to be specifically set out in a timely motion for new trial to preserve such matters for review; citing such cases as State ex rel. Morton v. Cave, en Banc, 359 Mo. 72, 220 S.W.2d 45; Grapette Co. v. Grapette Bottling Co., Mo.App., 286 S.W. 2d 34, and McCormack v. McNamee, Mo. Sup., 274 S.W.2d 272. In view of our holding herein, it is unnecessary to consider and discuss these additional contentions in support of the verdict and judgment entered by the trial court.

Possibly in anticipation of our ruling concerning the necessity of filing a timely motion in order to preserve all their objections (except that of jurisdiction over the subject matter) to the propriety and validity of the verdict and judgment, appellants have directed our attention to Supreme Court Rule 3.27. This rule provides that plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised in the trial court or preserved for review, "when the court deems that manifest injustice or miscarriage of justice has resulted therefrom." Respondent City and amicus curiae call to our attention that appellants are not complaining of the sufficiency of the pleadings to state a claim nor of the sufficiency of the evidence to support the judgment. Further, that appellants claim no inadequacy of the awards, nor any inequality of the assessments in the benefit district. They remind that appellants Mr. Hoopes and Mrs. Cain appeared on behalf of themselves and their respective spouses during the trial and testified that the amount of damages as testified to by the City appraisers was fair enough and acceptable; and that this appeal is preventing over 200 property owners who have not appealed and who have been divested of title to their property from obtaining the money they were awarded by the jury.

We have exercised our authority and discretion as provided in Supreme Court Rule 3.27, and upon our review of the record before us we do not find therein plain errors affecting substantial rights resulting in manifest injustice or miscarriage of justice.

Accordingly, respondent's motion to dismiss the appeal is overruled, and the judgment of the trial court is hereby affirmed in all respects. It is so ordered.

All concur.