STEVENS vs. SEXTON, use of SCHANCK.

No bill of exceptions being saved, the judgment of the Court below will be affirmed.

ERROR to St. Louis Court of Common Pleas.

HOCKADAY *for Plaintiff in Error,* (written argument filed.)

R. M. FIELD *for Plaintiff in Error, insists:*

1st. That none of the questions made on the trial are properly brought into this Court, as the motion for a new trial is not embraced in the bill of exceptions, and no exception appears to have been taken to the action of the Court on it. Nor does the bill of exceptions profess to set out the whole evidence.

That there must be a motion for new trial. See Higgins vs. Breen, and Alexander vs. Schreiber, decided at last term.

That the Court will take no notice of a motion for new trial unless it be preserved in the bill of exceptions. See Benoist & Hackney, 7 Mo. Rep. 224. Alexander vs. Schreiber, *ut supra.*

2d. That there was no error in the instructions and decisions of the Court below. The instruction as to the execution, is sanctioned by the authority of two cases in Wendell's Reports, expressly to the point: Farr & Emmons vs. Smith, 9 Wend. 338; Toop vs. Bently, 5 Wendell 276.

That the constable is liable for the acts of his deputies. See Statutes of 1835, p. 116, §5.

Besides, the evidence shows that the defendant below assented to the trespass of the deputy, and directed the sale of the horse: and a subsequent assent to a trespass, is equivalent to a prior command.

SCOTT, J., *delivered the opinion of the Court.*

No bill of exceptions having been taken on the overruling of the motion for a new trial in this cause, in the Court below, in conformity to repeated decisions of this Court, the judgment will be affirmed—Judge NAPTON concurring.