Herbert v. Callahan & Baker.

---

MICHAEL E. HERBERT, Appellant, v. OSCAR J. CALLAHAN AND JOHN H. BAKER, Respondents.

Kansas City Court of Appeals, April 15, 1889.

Partnership: JOINT CONTRACT DOES NOT NECESSARILY INVOLVE: PARTNERSHIP ESTABLISHED ALIUNDE: B. and C. entered into a contract with L. to build her a house, and then between themselves agreed that each should do certain distinct portions of the work for an agreed portion of the contract price. C., who was insolvent, obtained labor and material from plaintiff, who relied for security on his right to file a lien, and afterwards learning B. was a party to the building contract, brought this suit against both. *Held :* —

(1) That the burden was upon plaintiff to prove a partnership between B. and C. in order to recovery against B.

(2) That said building contract simply jointly bound the parties to its performance, and it was not its scope or purpose to define their relations *inter sese* or as to third persons, having none of the essential elements of co-partnership, as community of interest in profits realized or losses sustained, and obviously failed to establish a partnership.

(3) That there was no evidence *aliunde* of such partnership, nor that B. and C. held themselves out as partners and were dealt with as such by the plaintiff, or that plaintiff extended credit to C. with the idea that B. was jointly liable.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

*W. K. James*, for appellant.

(1) The court erred in finding for defendant, John H. Baker, instead of finding for plaintiff for one hundred and fifty dollars and interest thereon at six per cent. from January 1, 1887, and rendering judgment accordingly. R. S. 1879, secs. 658, 661 ; *Saltmarsh v. Rowe & Vandeventer*, 10 Mo. 38 ; *Woodhouse v. Duncan*, 13 N. E. Rep. 334 ; *McDonald v. Clough*, 12 Pac. Rep. 121. (2) The court erred in not granting plaintiff a new trial. (3) The court erred in rendering judgment for defendant, John H. Baker.

No brief for respondent.

Smith, P. J.—This case originated before a justice of the peace, from where it was removed by appeal to the circuit court of Buchanan county, where the plaintiff had judgment by default as to Callahan. There was a trial as to defendant Baker and a finding and judgment for him. After a motion for a new trial was overruled the plaintiff prosecuted his appeal here.

The case was submitted to the court, a jury being dispensed with, upon the following agreed state of facts, that Baker and Callahan entered into a contract in writing with Lene Binswanger by which they bound themselves to build for her a certain house, and to make certain other improvements, and to furnish all the materials and labor therefor, for which they were to receive the sum of twenty-six hundred dollars. Whilst so bound to Lene Binswanger, they made an agreement between themselves whereby Baker was to do a certain portion of the work and was to receive eleven hundred and fifty dollars therefor, and Callahan was to do a certain other portion thereof, and was to receive the remainder of said sum of twenty-six hundred dollars. Baker performed his part of the contract work according to his agreement with Callahan.

Callahan, who was insolvent, obtained labor and materials from plaintiff who was a stranger to him, and who relied for his security upon his right to file a mechanics' lien for the labor and materials so furnished Callahan.

After plaintiff had furnished said labor and materials to Callahan, which were used in the prosecution of said contract by him, he first learned that Baker was a party to said building contract, and thereupon he brought this suit against both of the defendants to recover the amount due to him for the labor and materials so furnished by him to Callahan.

I. The question arising in the record and which we have to determine is, Did the circuit court err in its finding and judgment, for defendant Baker ?

This will depend upon the legal relations subsisting between defendants, at the time the plaintiff furnished defendant Callahan said labor and materials. If the defendants were then partners, Callahan was armed with an implied power to bind the defendant Baker to pay for the same ; and it is immaterial whether or not plaintiff knew at the time that Baker was such a partner.

The contract with Lene Binswanger, upon its face, does not by legal intendment establish a partnership between defendants, with reference to the execution of said contract.

It simply jointly bound them to the performance of the work and to furnish the materials, upon the terms and conditions therein mentioned, but it was not its scope or purpose to define the relations of the defendants either *inter sese* or as to third persons, unless every joint contract necessarily involves the contracting parties in the relation of co-partners. None of the essential elements of a co-partnership, no community of interest between the defendants in the profits realized nor the losses to be sustained in connection with the

subject-matter of the contract, appear upon its face. *Newberger v. Finch*, 23 Mo. App. 631 ; *Donnell v. Harshe*, 68 Mo. 242 ; *Kellogg Newspaper Co. v. Farrell*, 88 Mo. 594 ; *Dwinel v. Stone*, 30 Maine, 384 ; *Braley v. Goddard*, 49 Maine, 115.

The contract by its terms obviously fails to affirmatively establish the relation of co-partnership between the defendants. Nor was there any proof of partnership offered *aliunde.*

The burden unquestionably was upon the plaintiff to prove the existence of the partnership between the defendants in order to hold Baker liable on account of that relation.

That every partner is the agent of his co-partner, is a familiar doctrine and it arises from the necessities of the co-partnership relation. *Pomeroy v. Benton*, 57 Mo. 531.

The fact stands admitted by the agreed statement that the actual relation existing between the defendants was not that of partners.

The plaintiff could only recover upon the hypothesis, either that the defendants were partners by the terms of their Binswanger contract, which we have shown is not the case, or that they held themselves out as partners and were dealt with as such by the plaintiff, or that the partnership relation between them actually existed ; for upon any other theory Callahan could not have been invested with the implied authority as agent of defendant Baker to bind him in respect to the transaction with plaintiff, upon which it is sought to make him liable.

The theory of an express promise by Baker to pay plaintiff for the work and materials furnished Callahan is precluded by the admission of the plaintiff that at the time he performed the work and furnished the materials to Callahan, he did not know that Baker was a party to said contract, but that he afterwards learned that fact.

There is no evidence that plaintiff extended credit to Callahan with the idea that Baker was associated in the co-partnership relation with him or that there was any joint liability of defendants to him.

In view of the agreed statement of facts in the case we think it would be quite difficult to imply a contract against defendant Baker to pay for the labor and materials furnished Callahan to finish his part of the work on the Binswanger house.

It is true in one sense that Baker was interested in the performance by Callahan of his portion of the entire work for which they were both bound to Lene Binswanger, for his failure in that regard would under the contract have embarrassed or defeated Baker's right in receiving compensation for the part of the labor he had performed on the house, but his interest in Callahan's portion of the work was not of such character as that it could be said that he received a benefit from the labor performed or materials furnished by the plaintiff in the sense that it would support an action against him on an implied contract to pay for the same. *Smith v. Moynehan*, 44 Cal. 53.

It was not objected in this case that it was not competent for the defendant Baker to go behind the written contract with Lene Binswanger and show that while defendants were contractors jointly bound to her that their relations were several and their obligations *inter sese* limited to distinct portions of the general enterprise. *Reynolds v. Magners*, 2 Iredel, 30 ; 1 Greenl. Ev., sec. 297.

The case of *Saltmarsh v. Rowe & Vandeventer*, 10 Mo. 30, cited by plaintiff is believed not to be in conflict with the views herein expressed by us. The facts of this case are wholly dissimilar to those in that.

It follows from what has been said that the judgment of the circuit court must be affirmed.   All concur.