THE STATE v. EDWARD MURRAY, *Appellant.*

### Division Two, February 12, 1895.

1. **Criminal Practice**: MOTION FOR NEW TRIAL: REVIEW OF RECORD PROPER. Where defendant has saved no exceptions to the action of the trial court in overruling his motion for a new trial, only the record proper will be reviewed by the supreme court on appeal.

2. **Criminal Law**: MURDER IN FIRST DEGREE. Where, in executing a preconcerted plan to rob deceased, he was killed in defendant's presence and with his participation, the latter is guilty of murder in the first degree.

3. **Criminal Practice**: MURDER IN FIRST DEGREE. The indictment and evidence in this case *held* sufficient to support a conviction of murder in the first degree.

*Appeal from Gasconade Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*D. C. Taylor* for appellant.

*R. F. Walker*, Attorney General, and *R. L. Mudd*, Prosecuting Attorney, for the state.

(1) After defendant's conviction he filed his motion for a new trial. In due time the same was taken up, considered, and overruled by the court; to which action of the court in overruling said motion for a new trial, defendant did not take or save any exceptions. He will be taken by his failure so to do to have acquiesced therein, and is now precluded from presenting any exceptions saved during the entire trial except such as are preserved in the record proper. *State v. Gilmore,* 110 Mo. 7; *Taylor v. Switzler,* 110 Mo. 411; *Wilson v. Haxby,* 76 Mo. 345; *McIrvine v. Thompson,* 81 Mo. 648;

*State v. Hitchcock*, 86 Mo. 231; *St. Joseph v. Ensworth*,
65 Mo. 628; *State v. Burkhartt*, 83 Mo. 433; *State v.
McDonald*, 85 Mo. 539; *State v. Pints*, 64 Mo. 617;
*Bateson v. Clark*, 37 Mo. 31. (2) This appeal must,
therefore, be determined upon the record proper, on
which the judgment should be affirmed. The indict-
ment in this case is sufficient. It follows the language
of a statute creating the offense, is in the form ofttimes
approved by this court, and notifies the defendant of
the accusation he is required to meet. *State v. Blan*,
69 Mo. 317; *State v. Burns*, 99 Mo. 472; *State v. Sund-
heimer*, 93 Mo. 316; *State v. Turlington*, 102 Mo. 647;
*State v. Stacy*, 103 Mo. 12; Wharton on Homicide [1
Ed.], 269; Wharton's Precedents [3 Ed.], 114; R. S.
1889, secs. 3489, 3739. (3) It was unnecessary to al-
lege confederacy or conspiracy. *State v. Meyer*, 99 Mo.
107; *State v. Hopkirk*, 84 Mo. 287.

BURGESS, J.—At the January term, 1894, of the
St. Louis county circuit court, the defendant, with his
brother, James Murray, was indicted for murder of
the first degree for the killing of Edgar Fitzwilliams.
Counsel was assigned defendant, and at the May term
following, upon his application, a change of venue was
awarded him to the circuit court of Gasconade county,
where at the September term, 1894, of that court, he
was put upon his trial and convicted of murder in the
first degree, and now prosecutes his appeal to this court,
in which he is not represented by counsel.

The facts as disclosed by the record are as follows:
On the night of December 23, 1893, defendant, his
brother James, and two others, met and arranged to
rob the conductor of a car on Page avenue in St. Louis
county. When the car passed back on one of its re-
turn trips from the city of St. Louis, and not far from
the end of the car track, Edgar Fitzwilliams, who was

the conductor in charge, and Lizzie Schueble, a passenger, were its only occupants. The four negroes boarded the car, James Murray and one other getting on the front or west end, the defendant and the other negro getting on the rear end. By prearrangement between them, when the conductor was assaulted, one of the party who was in the rear end of the car was to pull the trolley line and thereby extinguish all the lights. When the conductor, Fitzwilliams, went in the car to collect the fares, one of the three negroes who were at that time inside the car shot and killed him; they then robbed him of what money he had upon his person, his watch, and made their escape.

Miss Schueble who was on the the car at the time witnessed the killing and robbery, having as soon as it occurred left the car and given the alarm to some persons in the neighborhood, and when the car was reached by such person within a very few minutes thereafter Fitzwilliams was found in the car dead. The murder was committed in St. Louis county. The defendant made one written statement and three other different statements to as many different persons, in which he admitted his presence at the time of the killing and robbery; that he boarded the car knowing the arrangement to rob the conductor and that he was present to perform his part, but denied further than this his participation in the crime. He was sworn as a witness in his own behalf and testified upon his trial to substantially the same facts, in regard to his connection with the murder, that he had stated on the other occasions.

After defendant and his brother James had been arrested and were in custody of the officers of the law in the city of St. Louis, Miss Schueble went to see them and recognized James Murray as one of the negroes who robbed and killed Fitzwilliams, and was of the opinion that defendant was another of them but was not positive,

but when taken into her presence the defendant stated in the presence and hearing of the officer then having him in custody, that she was the lady that was on the car at the time.

After defendant's conviction he in due time filed his motion for new trial which after due consideration by the court was overruled, but he saved no exceptions to the court's action in this regard.   There is, then, nothing before this court to be passed upon, except the record proper, as he must, by his failure to except to the ruling of the court, and to save his exceptions, be deemed to have waived any possible objections thereto and to have acquiesced therein.   *State v. Gilmore,* 110 Mo. 1; *State ex rel. v. Hitchcock,* 86 Mo. 231; *State v. McDonald,* 85 Mo. 539; *State v. Pints,* 64 Mo. 317.

After careful examination of the indictment we are satisfied that it is sufficient, and in form often met with the approval of this court.   It contains every averment necessary to constitute murder of the first degree, the offense for which defendant was convicted.   *State v. Blan,* 69 Mo. 317; *State v. Burns,* 99 Mo. 472; *State v. Sundheimer,* 93 Mo. 316; *State v. Turlington,* 102 Mo. 647; *State v. Stacy,* 103 Mo. 12; Wharton on Homicide [1 Ed.], 269; Wharton's Precedents [3 Ed.], 114.

The facts as disclosed by the record show a preconcerted plan by defendant and his co-conspirators to rob the conductor of the car, and that in doing so they killed and murdered him for the small amount of money which he then had in his possession, and defendant's connection therewith, and participation therein. His guilt was established beyond any doubt and it is impossible to see how the jury could have arrived at any other conclusion than that of his guilt.   He seemed to have had a fair and impartial trial, and the judgment must be affirmed.   All of this division concur.