MINNIE CAVOLT et vir, Respondents, v. WABASH
RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, November 7, 1898.**

**Appellate Practice:** EXCEPTIONS TO OVERRULING MOTION FOR NEW
TRIAL. Errors committed during the progress of a trial are not re-
viewable in the appellate courts unless exceptions are saved to the
overruling of the motion for a new trial.

*Appeal from the Daviess Circuit Court.*—HON. E. J.
BROADDUS, Judge.

AFFIRMED.

McDOUGAL & SEBREE and GEO. S. GROVER for
appellant.

(1) Bills of exceptions are amendable, the same
as any other records, when there is anything contained
in them, or other records in the cause, to amend by,
and this is a case of that character. Groner v. Smith, 49
Mo. 323; Mitchell v. Overman, 103 U. S. 64; Darrier
v. Darrier, 58 Mo. 222, 223; State v. Howell, 117 Mo.
307; State ex rel. v. Harber, Knight & Mullins, 129
Mo. 231, 271. (2) The amended bill of exceptions
was properly signed and filed in vacation.

WM. D. HAMILTON and BOYD DUDLEY and T. A.
GAINES for respondents.

(1) No exception was taken to the action of the
trial court in overruling the motions for a new trial and
in arrest of judgment, and there is nothing that can
be reviewed by this court but the record proper in this

case.    State v. Murry, 126 Mo. 526; Danforth v. Railway, 123 Mo. 196; Taylor v. Switzer, 110 Mo. 410; McIrvine v. Thompson, 81 Mo. 647; Wilson v. Hoxbey, 76 Mo. 345.

SMITH, P. J.—Plaintiffs, husband and wife, each brought a separate action against the defendant to recover damages for personal injuries received by the wife on account of the negligence of the defendant. The two actions were, by order of the trial court, consolidated and tried together.    The plaintiffs had judgment and the defendant appealed.

The defendant assigns several errors committed by the court in its action on the admission and rejection of evidence, and on the giving and refusal of instructions.    It is conceded by the defendant that no exception was saved by it to the action of the court in overruling the motion for a new trial.    There is therefore nothing before us for review except the record proper. The defendant having failed to save its exceptions to the action of the court in overruling the motion for a new trial must be held to have acquiesced in the errors of which he complains.

It is the well settled rule of practice in all the appellate courts of this state that errors committed during the progress of the trial of a cause are not reviewable in such courts unless the action of the trial court in overruling the motion for a new trial has been excepted to.    State v. Murray, 126 Mo. 526; Danforth v. Railway, 123 Mo. 196.

The defendant has not called our attention, nor have we been able to discover, any error arising on the face of the record proper.  It results that the judgment must be affirmed.    All concur.