A. F. LANDGRAF, Respondent, v. THE SAUNDERS PRESS BRICK COMPANY, Appellant.

St. Louis Court of Appeals, May 9, 1899.

Practice, Trial: STIPULATION: BILL OF EXCEPTIONS. The stipulation filed in the case at bar can not be regarded as a substitute for essential omissions in the bill of exceptions.

*Appeal from the St. Louis Circuit Court.*—HON. J. F. GREEN, Special Judge.

AFFIRMED.

GEO. W. LUBKE and HENRY R. HALL for respondent.

Appellant's failure to incorporate in his bill of exceptions, his motion for a new trial, is a fatal defect in his appeal, and this is true even though he may have procured a stipulation that the bill of exceptions should contain the fact that upon the defendant's motion for a new trial being overruled by the court, the defendant then and there saved its exception to such ruling. Story & Camp v. Ragsdale, 30 Mo. App. 196; McNeil v. Ins. Co., 30 Mo. App. 306; Lloyd v. Thurman, 69 Mo. App. 147, and cases cited; Jefferson City v. Opel, 67 Mo. 394; Nichols v. Stevens, 123 Mo. 119; Martin v. Est. of Nichols, 63 Mo. App. 342. A certificate of stock in a corporation is a muniment of title to the shareholder, and a refusal to issue certificates to the owner of the stock is such conversion of the stock that an action will lie therefor. Withus v. Bank, 67 Mo. App. 115; Carroll v. Bank, 8 Mo. App. 249; Vanstine v. Goodwin, 42 Mo. App. 39; Keller v. Mfg. Co., 43 Mo. App. 84. The value of the property of the corporation may be shown for the purpose of showing the value of the shares of stock. Hewett v. Steel, 118 Mo. 463; Trust Co. v. Lb'r Co., 118 Mo. 447. A corporation may issue its stock in payment for property received, money paid, or labor or services performed, and such a transaction is binding both upon the corporation and its stockholders. Woolfolk v. January, 131 Mo. 620; Roll v. Mining Co., 52 Mo. 60; Van Cleve v. Busey, 143 Mo. 109.

LOUIS A. STEBER for appellant.

The issue of stock must be authorized by the directors of the corporation. If the certificates were not legally issued

and the plaintiff is not a *bona fide* holder, ·he is not entitled
to the relief demanded.    Ryder v. Railway, 134 N. Y. 83, 85;
Ryder v. Railway, 31 N. E. Rep. 251; Ryder v. Railway, 3
Thomp. Corp., sec. 2952 (at page 2869, note 1); Burrall v.
Railway, 75 N. Y. 211.    The secretary of the corporation, in
the absence of authority to do so, from the directors, has no
power to issue certificates of stock.    Holbrook v. The Fau-
quier, etc., Co., 3 Dist. of Col. Rep. (3 Cranch, U. S. Circ. Ct.)
425.    It takes two signatures to issue certificates of stock.
That of the secretary alone, even with the corporate seal, is
not sufficient.    Hill v. Jewett Pub. Co., 154 Mass. 172, 176;
23 Am. and Eng. Ency. of Law, bot. pp. 623, 624, title,
"Stock;" see also Watson v. Woody Ptg. Co., 56 Mo. App.
145, 153.    The fact that the president did not sign the certi-
ficates of stock was sufficient notice to the purchaser to put
him upon inquiry and he can not be treated as an innocent
purchaser.    2 Thomp. Corp., sec. 1502; Byers v. Rollins, 13
Colo. 22, 29.    The certificates held by plaintiff should be
treated as forged certificates, because not signed by the presi-
dent and because they were issued by the secretary to himself
without authority of the directors or the corporation.    2
Thomp. Corp., sec. 2600; 2 Thomp. Corp., sec. 2605; 2 Thomp.
Corp., sec. 2579. The company is not estopped to deny the
validity.    2 Thomp. Corp., sec. 2600.    And plaintiff can not
hold the company for damages for failing to register the transfer
claimed. 2 Thomp. Corp., sec. 2579. The action of the individ-
ual members can not bind the corporation.    State ex rel. v.
Lockett, 54 Mo. App. 202.    A director may, in good faith,
loan his money to the corporation for its legitimate purposes,
and hold it as a valid claim against the corporation.    Foster
v. Belcher's Sugar, etc., Co., 118 Mo. 238.    Shares of stock,
not paid for, can be forfeited for non-payment.    Hill v.
Atoka, etc., Co., 25 S. W. Rep. (Mo.) 296.    One who sub-
scribes to the stock of a corporation must pay therefor accord-
ing to his contract.    Ollesheimer v. Thompson Mfg. Co., 44

Mo. App. 172. The unpaid subscriptions are assets of the corporation. Hauser v. Thompson, 56 Mo. App. 85.

BOND, J.—Plaintiff agrees that he purchased ten shares of stock in the defendant corporation; that defendant refused to transfer the same on its books to him or to issue him new certificates therefor, as it was directed to do by the vendor and former stockholder in defendant corporation. The defense is a general denial. The cause was submitted to the court without a jury and judgment rendered for plaintiff. Defendant appealed.

A careful examination of the bill of exceptions fails to show that it called for the motion for new trial filed by defendant. Neither does the bill of exceptions show that the defendant excepted to the overruling of its motion for new trial. The following written stipulation was entered into by the attorneys for the parties: "It is hereby stipulated and agreed that the bill of exceptions should contain the fact, that upon the defendant's motion for new trial being overruled by the court, the defendant then and there saved its exceptions to the ruling of the court." It is insisted by respondent that this stipulation does not accomplish the purpose it was designed to effect. The rule is that nothing can be added to a bill of exceptions by stipulation which is not called for in the bill itself. If the rule were otherwise, parties could create a record for the court independently of its action or knowledge. If the bill of exceptions in the present case had contained a direction to copy the motion for new trial, it would have been sufficient that the motion for new trial was copied in some other part of the transcript. R. S. 1889, sec. 2304; State v. Buck, 130 Mo. 480. As it contained no such direction, the motion for new trial was not preserved in the record, but if it had been properly preserved, still it would not bring up for review any of the matters of exception therein set BILL of exceptions. forth, unless the bill of exceptions also showed that an exception to the overruling of the

motion was taken at the time. As this was not shown in the bill of exceptions we would be also precluded for that reason from passing on any matters of exception occurring during the trial. With the ethical or professional obligations incurred by the attorneys in entering into the above stipulation, we have no concern. It is our duty, upon the point being made, to declare the legal effect of the stipulation, which is that it can not be regarded as a substitute for essential omissions in the bill of exceptions. This limits the review of the present appeal to matters appearing on the face of the record proper. As there is nothing in the pleadings or judgment showing that the recovery had by plaintiff was unwarranted, we must affirm it. The judgment is therefore affirmed. All concur.