BRACE, P. J.
This is an appeal from a judgment of the circuit court of the city of St. Louis in favor of the defendant, refusing to allow a demand against the estate of John Hoffman, deceased, founded upon a promissory note for $3,000, dated February 21, 1886, payable to Isabella O’Con-nor, sixty days after date with ten per cent interest, purporting to have been signed by the said John Hoffman.
The case was brought to the circuit court by appeal from the probate court of the city of St. Louis where the demand had been allowed. There are no pleadings in the case.
On the evidence, the court, in substance, instructed the jury that if they found from the evidence, that on or about the 21st day of February, 1886, John Hoffman, deceased, received of the plaintiff, Isabella Hoffman, then Isabella O’Connor, the sum of $3,000, in money as a loan, and as evidence thereof made and delivered the promissory note sued on they should find for the plaintiff. That the burden of proving to their satisfaction by the preponderance of the evidence that the note was executed by the deceased was on the plaintiff, and unless so proven they should find for the defendant. No exceptions were taken to the instructions submitting the issues. The verdict was for the defendant, and from the judgment rendered therein the plaintiff appealed.
The ease is brought here on a short transcript and abstract. The only error assigned for reversal is the 'admission over the objections of the defendant, of irrelevant evidence, calculated to mislead the jury to the prejudice of plaintiff’s case. It appears from the abstract that a motion for a new trial was filed, and that one of the grounds of the motion was that *526 the court admitted incompetent, improper and irrelevant evidence offered by defendant and objected to by plaintiff, which it is alleged tended to, and in fact did prejudice, influence and mislead the jury against the plaintiff. But it does not appear from the abstract that the plaintiff took or saved any exception to the overruling of said motion, nor that the same was made a part of the record by bill of exceptions. And the error complained of being matter of exception is not before us for review, as has been uniformly held in both civil and criminal cases. [State v. Gilmore, 110 Mo. 1; State v. Harvey, 105 Mo. 316; State ex rel. v. Gaither, YY Mo. 304; Jackson v. Railroad, 80 Mo. 14Y; Blount v. Zinck, 55 Mo. 455; Bateson v. Olark, 3Y Mo. 31; State v. Marshall, 36 Mo. 400.]
The judgment of the circuit court will therefore be affirmed.
All concur, except Yalliant, J., not sitting.