# THE STATE v. WARREN LIBBY, Appellant.

**Division Two, May 14, 1907.**

1. **APPEALS: Overruling Motion for New Trial: No Exception.** Where the record shows that appellant failed to preserve by bill of exceptions any exception to the action of the court in overruling the motion for new trial, there is nothing for the appellate court to review except the record proper.

2. **BILL OF EXCEPTIONS: Amendment: By Consent: New Trial: Nunc Pro Tunc Entry.** When a bill of exceptions is filed, it becomes a part of the record of the court, and can only be changed or amended by a *nunc pro tunc* entry correcting the record. It can not be amended, by consent of defendant's counsel, the prosecuting attorney, and the judge who tried the case, so as to show an exception saved to the overruling of the motion for new trial; nor is the suggestion of the trial judge that it is usually understood that an exception is taken when a motion for new trial is overruled, sufficient ground for a *nunc pro tunc* entry correcting the record.

Appeal from Laclede Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Don O. Vernon* and *J. T. Moore* for appellant.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

There is nothing before the court except the record proper. The so-called bill of exceptions fails to show that any exceptions were saved to the overruling of defendant's motion for a new trial. So, even if the transcript of the evidence can be termed a bill of exceptions, mixed up as it is with the record proper, defendant is not entitled to have any of the alleged errors considered by this court. State v. Irvin, 171 Mo. 558; State v. Reed, 89 Mo. 168.

FOX, P. J.—This cause comes to this court upon appeal by defendant from a judgment of the circuit court of Laclede county, convicting him of feloniously and wilfully maiming and wounding one W. F. Parker. The record discloses that the appellant failed to preserve by bill of exceptions any exception to the action of the court in overruling his motion for a new trial; therefore, there is nothing before the court to review except the record proper. However, it is suggested that the bill of exceptions may be amended by agreement between the prosecuting attorney, and the counsel for the appellant, and we have on file before us letters from defendant's counsel and from the prosecuting attorney and the judge who tried the case, suggesting this amendment. It is sufficient to say of this suggestion that a bill of exceptions filed and made a part of the record cannot be amended by consent. Such bill of exceptions, when filed in the circuit court of Laclede county, became as much a part of the record proper of that court as any other entry made upon the records by the clerk of the court during any term of such court, and such bill of exceptions can only be changed or amended by a *nunc pro tunc* entry correcting such record, and the rule is well settled that, in order to justify the making of a *nunc pro tunc* entry correcting or amending a record, the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such entries. No such entries can be made from the memory of the judge, nor on parol proof derived from other sources. [State v. Jeffors, 64 Mo. l. c. 378; Bank v. Allen, 68 Mo. l. c. 476; Belkin v. Rhodes, 76 Mo. l. c. 650; Saxton v. Smith, 50 Mo. 490; Fletcher v. Coombs, 58 Mo. l. c. 434; Wooldridge v. Quinn, 70 Mo. 370; Blize v. Castlio, 8 Mo. App. l. c. 294; Evans v. Fisher, 26 Mo. App. l. c. 546.] Judge Burgess in Ross v. Railroad, 141 Mo. l. c. 395, citing the authorities to support the an-

nouncement of the rule, said: "It has been uniformly held by this court that unless an exception be taken and preserved by bill of exceptions to the action of the court in overruling a motion for a new trial, there is nothing before the Supreme Court for review, save and except the record. [State v. Murray, 126 Mo. 529; State ex rel. Dopkins v. Hitchcock, 86 Mo. 231; Wilson v. Haxby, 76 Mo. 345; Danforth v. Railroad, 123 Mo. 196; State v. Harvey, 105 Mo. 316; McIrvine v. Thompson, 81 Mo. 647; State v. Marshall, 36 Mo. 400.]"

The suggestion as to the amendment in the form of letters, as heretofore stated, furnishes no basis for the change or amendment of the bill of exceptions, and in fact the letter of the judge of the circuit court clearly indicates that there is no such condition of the record of the circuit court in Laclede county in respect to the filing of this bill of exceptions which would authorize the court to make a *nunc pro tunc* entry in respect to the exceptions to the action of the trial court in overruling the motion for a new trial, for it is suggested by Judge Cox, who tried the case, that the amendment or change of the record should be made for the reason that it is usually understood, when a motion for new trial is overruled, that an exception is taken. This would fall far short of furnishing sufficient grounds for a *nunc pro tunc* entry correcting this record; therefore, we see no escape from the conclusion, there being no exceptions properly preserved to the action of the court in overruling the motion for a new trial, that the only thing to be considered by this court is the record proper. The conclusion reached upon this proposition is fully supported by the clear announcement of the rule in State v. Gartrell, 171 Mo. l. c. 504. It was there said by this court, speaking through Judge GANTT, that "it is the settled law of this State that during the whole of the term in which any judicial act is done, the proceedings

State v. Libby.

are considered *in fieri,* and this applies even to adjourned sessions of the same term, and the record remains, so to speak, in the breast of the judge or judges of the court, and hence is subject to amendment or alteration as he or they may direct, but after the lapse of the term, or its final adjournment, the judge has no power to change the record further than by *nunc pro tunc* entries to make the record speak the exact truth of that which actually did occur during the term, and *then only* when there is sufficient record or minutes of the judge or clerk to authorize such amendment, as it has been repeatedly ruled by the court that such corrections can not be made 'from outside evidence or from facts existing alone in the breast of the judge, after the end of the term at which the final judgment was rendered.' [Ross v. Railroad, 141 Mo. 390; Saxton v. Smith, 50 Mo. 490; Dunn v. Raley, 58 Mo. 134; Fletcher v. Coombs, 58 Mo. 430; Jones v. Hart, 60 Mo. 356; Crawford v. Railroad, 171 Mo. 68.]''

Giving our attention to the examination of the record proper, we find that the amended information filed charges the offense of which the defendant was convicted substantially in such form as has heretofore met the approval of this court; the information, in conformity to the statute, was duly verified by the prosecuting attorney; the record discloses the formal arraignment of the defendant and plea of not guilty; then follows, as recited by the record, the trial of the cause by the jury, which appears in every particular to have conformed to the requirements of the statute. The verdict of the jury is in proper form and was returned into court finding the defendant guilty as charged and assessing his punishment at imprisonment in the county jail for three months and a fine of one hundred dollars. The judgment entered of record in accordance with the verdict is in due form.

The record being the only matter before us for review, and finding no error in it, the judgment of the trial court should be affirmed, and it is so ordered.

All concur.