WELDON Y. TARR, Respondent, v. GEORGE C. CRUMP, Appellant.

Kansas City Court of Appeals, March 29, 1909.

1. TRIAL AND APPELLATE PRACTICE: Motions: Record Proper: Bill of Exceptions. Exceptions to the action of the court on motions for new trial and in arrest must be saved in the bill of exceptions and not in the record proper or they cannot be considered by the appellate court.

2. ———: Reply: Filing: Court's Discretion. The record failing to disclose any abuse of the trial court's discretion in its action in regard to filing a reply, it is held there is no warrant for interference of the appellate court.

Appeal from Boone Circuit Court.—*Hon. E. W. Hinton*, Special Judge.

AFFIRMED.

*H. S. Booth* and *E. C. Anderson* for appellant.

(1) A reply is necessary where answer sets up new matter. 93 Mo. 126; R. S. 1899, sec. 608. (2) The appellate courts in this State have universally held that when answer sets up good defense and no reply is filed thereto, the defendant is entitled to a judgment. 47 Mo. 513. (3) The only pleadings before this court for consideration is the petition and the answer; and the appellant contends that in view of the imperative requirements of section 608 of Revised Statutes 1899, to file a reply, that he is entitled to a judgment for the amount asked for in the answer. Appellant further contends that from a just reckoning of the receipts and disbursements of the partnership business in question, and after paying the appellant, Crump, or allowing him pay for his services, that there is nothing whatever due the respondent but that the appellant, Crump, is entitled to a verdict in this cause. The appellant therefore submits to the court that the verdict is for the wrong party and asks that the judgment be reversed and that appellant have judgment for the amount as prayed for in his answer and for costs of suit.

*Arthur Bruton* for respondent.

(1) Allegations of fact in an answer, which have no tendency to overcome the cause of action pleaded by the petition, do not constitute new matter requiring a reply. Dix v. Insurance Co., 65 Mo. App. 34; Emmert v. Meyer, 65 Mo. App. 609; Betz v. Telephone Co., 121 Mo. App. 473; Huber Mfg. Co. v. Hunter, 87 Mo. App. 50. (2) Where new matter is set up in answer and no replication to same is filed, such failure is of no consequence if the case was tried as though the issues were made up. And in order to avail himself on appeal, of an omission to file a replication, the party excepting must stand on the pleadings; even

136 App—30

when he moves for judgment in the lower court unsuccessfully he cannot introduce his proof as though a reply were in, and, after defeat on the merits, profit by an erroneous ruling on the motion.   Halke v. Herman, 87 Mo. App. 125; Zongker v. Mercantile Co., 110 Mo. App. 382; Carder v. Roberts, 58 Mo. App. 440; Hall v. Water Co., 48 Mo. App. 356; Coggshall v. Munger, 54 Mo. App. 509; Bircher v. Metal Co., 77 Mo. App. 509; Roden v. Helm, 192 Mo. 71; Thompson v. Woolbridge, 102 Mo. 505.

ELLISON, J.—The plaintiff and defendant were partners in the coal business.   This action was instituted for a settlement and dissolution of the partnership and resulted in a judgment for the plaintiff for one hundred and four dollars and twelve cents.

The record proper, as presented to us in the abstract, shows motions for new trial and in arrest were overruled by the trial court and that exceptions were saved.   But that is not the place to show that exceptions were taken.   The place for that is in the bill of exceptions itself.   The bill presented here does not show any exception in that respect and we are thus left as if no bill of exceptions had been preserved.   [Clay v. Union Pub. Co., 200 Mo. 665; Stark v. Zehnder, 204 Mo. 442; Harding v. Bedell, 202 Mo. 630; Pennowfsky v. Coerver, 205 Mo. 135; Thompson v. Ruddick, 213 Mo. 561.]

But defendant contends on the record proper, that is on the face of the pleadings, plaintiff was not entitled to judgment.   The basis of the contention is that the answer set up new matter which if true entitled him to judgment and that the plaintiff confessed its truth by failing to file a reply.   The question was raised in the trial court during the trial.   The bill of exceptions on the subject is hard to understand.   Near the beginning of the bill it is shown that objections to certain evidence for the reason that matters alleged in the

answer asserted to be sufficient to defeat plaintiff's claim were not denied by a reply and should be taken as confessed. Plaintiff then asked leave to file a reply. Defendant objected. The court gave leave to file it subject to objections; and afterwards such objections were sustained and then the bill recites "said reply is then filed." Defendant then asked and was granted leave to file motion to strike it out. That motion was overruled and defendant excepted, and the trial proceeded. But there was a failure to preserve such exception by the failure to properly preserve exceptions to overruling the motion for new trial, as already explained.

Then the trial and evidence in full is recited and at the end of the bill it appears that "Leave given yesterday to file reply—said leave given subject to objections made by counsel for defendant. Objections to filing reply sustained." It thus appears that a reply was permitted and not permitted. If there was a reply the defendant's ground of objection fails. If there was none, the action of the court in refusing to permit one to be filed, as already shown, is not before us. [Roden v. Helm, 192 Mo. 71.]

Besides, either refusal or permission to allow a reply to be filed was discretionary with the trial court and the record does not disclose anything indicating an abuse of that discretion.

The record before us does not warrant an interference with the judgment, and it is affirmed. All concur.