JOHN MACOM et al., Appellants, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Respondent.

Springfield Court of Appeals, June 6, 191C

APPELLATE PRACTICE: Nonsuit: Exceptions to Court's Refusal to Set Aside. Where the record does not show the saving of any exception by the plaintiff to the action of the court in overruling his motion to set aside the nonsuit, this action of the trial court cannot be reviewed by the appellate court.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*B. J. Puckett* for appellants.

*James F. Green* for respondent.

There being no exception saved to the action of the court in overruling plaintiffs' motion for a new trial, there is nothing in this court for review. Danforth v. Railroad, 123 Mo. 196; State v. Murray, 126 Mo. 529; State v. Libby, 203 Mo. 598; McIrvine v. Thompson, 81 Mo. 647; Wilson v. Haxby, 76 Mo. 345; Parsons v. Clark, 98 Mo. App. 28; Hoffman v. Trust Co., 151 Mo. 520.

COX, J.—Action for damages for failure of defendant to deliver eleven boxes of snuff, weighing one hundred forty-five pounds, of the value of fifty dollars, which had been shipped over defendant's road, consigned to plaintiff at Poplar Bluff, Missouri. Plaintiff offered testimony tending to sustain the allegations of his statement. Defendant offered the bill of lading, containing a clause providing that notice of loss or

damage should be given in writing within thirty days after delivery, or reasonable time for delivery, and that written notice was not given as required by this provision of the contract. At the close of all the testimony the court gave a peremptory instruction to find for the defendant; plaintiff then took a nonsuit with leave to move to set the same aside which was overruled and he has appealed to this court.

The point is made by defendant that the record in this case does not show the saving of any exceptions by plaintiff to the action of the court in overruling his motion to set aside the nonsuit. An examination of the record sustains this contention. No exceptions having been saved to the action of the court in refusing to set aside the nonsuit and give the plaintiff a new trial, there is nothing here for us to review. [State v. Murray, 126 Mo. 526, 29 S. W. 590; Hoffman v. Trust Co., 151 Mo. 520, 52 S. W. 345; State v. Libby, 203 Mo. 596, 102 S. W. 641.]

There is, therefore, nothing for us to do but to affirm the judgment, and it is so ordered. All concur.