RAFAEL P. SERRANO, Appellant, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY et al., Respondents.

St. Louis Court of Appeals, October 24, 1910.

1. **APPELLATE PRACTICE: Failure to Except to Overruling of Motion for New Trial.** Where the bill of exceptions, as abstracted, does not show an exception to the overruling of appellant's motion for a new trial, the merits of the case cannot be reviewed, under section 2081, Revised Statutes 1909.

2. ———: ———: **Bills of Exceptions: Matters of Exception Must be Shown in Bill.** A recital in the abstract of the record proper that an exception was saved to the overruling of appellant's motion for a new trial will not permit a review on appeal of matters of exception, since such matters must be preserved in the bill of exceptions.

3. ———: ———: ———: ———: **Waiver: Rule 33 Construed.** Court of Appeals Rule 33, effective August 1, 1910, providing that objections to abstracts shall be treated as waived unless filed with the clerk within ten days after the abstract is served upon respondent, provided the court will disregard such objections not so filed only when it deems it proper to do so, cannot be invoked to work a waiver of an objection to appellant's abstract of the bill of exceptions for not showing therein an exception to the overruling of the motion for new trial, in view of section 2081, Revised Statutes 1909, providing that no exceptions shall be considered on appeal from the judgment of the circuit court, except such as shall have been expressly decided by it.

Appeal from St. Louis City Circuit Court.—*Hon. Moses N. Sale,* Judge.

AFFIRMED.

*Benj. J. Klene* for appellant.

*W. F. Evans* and *Arthur E. Haid* for St. Louis & San Francisco Railroad Company; *Robert & Robert* for Chicago & Alton Railroad Company; *H. G. Whelan* and *Eugene Hale* for Grand Trunk Railroad Company, respondents.

Plaintiff is not entitled to have this case reviewed here, as he saved no exception to the ruling of the court in overruling the motion to set aside the nonsuit and for a new trial. Hubbard v. Gates, 129 S. W. 1; Casler v. Chase, 160 Mo. 418; Hoffman v. Trust Co., 151 Mo. 520; Ross v. Railroad, 141 Mo. 390; Tobacco Co. v. Walker, 123 Mo. 662; Jackson v. Railroad, 80 Mo. 147; Wilson v. Haxley, 76 Mo. 345; Macom v. Railroad, 129 S. W. 65; Parsons v. Clark, 98 Mo. App. 28; Lithographing Co. v. Fennimore, 84 Mo. App. 228.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of the alleged dereliction of duty of the several railroad companies, defendants, in the transportation of a consignment of oranges. At the conclusion of the testimony for plaintiff, the court instructed a verdict for each of the defendants. Plaintiff prosecutes the appeal.

It sufficiently appears that plaintiff in due time filed his motion for a rehearing or new trial and that this motion was overruled by the court. But it does not appear in the bill of exceptions, as abstracted by appellant, that an exception was preserved to the action of the court in overruling the motion for a new trial, and in the absence of such an exception appearing we are not permitted to review the merits of the case. All of the argument contained in the briefs relate to assignments of error on the merits, for the record proper in and of itself is sufficient. The respondents insist on their right to have the judgment af-

firmed for the reason no exception appears to the action of the court in overruling the motion for a new trial. In that portion of appellant's abstract which purports to be an abstract of the record proper, it is recited that plaintiff excepted to the ruling of the court in denying him a new trial. This recital in the abstract of the record proper is invoked in aid of the appeal, but it avails nothing, for matters of exception are to be preserved in the bill of exceptions and may not be exemplified in the record proper to which they are entirely foreign. If authorities are required in support of the proposition, the following are in point: Newton v. Newton, 162 Mo. 173, 61 S. W. 881; Nickerson v. Peery, 163 Mo. 77, 63 S. W. 381. After examining the abstract of the bill of exceptions with great care, we have been unable to discover anything therein indicating that an exception was preserved in the bill to the action of the court in overruling the motion for a new trial. That such an exception must be preserved in the bill and exemplified in the appellate court in the abstract thereof in order to authorize a review of the merits of the controversy is the established rule of decision in this jurisdiction, from which we are not permitted to vary, as will appear by reference to the following authorities in point: Wilbrandt v. Laclede Gas Light Co., 135 Mo. App. 220, 115 S. W. 497; Sicher v. Rambousek, 193 Mo. 113, 91 S. W. 68; Hoffman v. St. Louis Trust Co., 151 Mo. 520, 52 S. W. 345; Casler v. Chase, 160 Mo. 418, 60 S. W. 1040.

By rule 33 of this court, effective August 1, 1910, it is provided, substantially, that objections to abstracts will be treated as waived unless filed in the office of the clerk of the court within ten days after the abstract has been served upon the respondent. But there is a saving clause in the rule to the effect that if such objections are not filed in accordance with the

rule, the court will disregard such objections only when it deems it proper to do so. It is true the respondent did not file his objections to appellant's abstract within the ten days prescribed in the rule, but we are not permitted under the statute and decisions to treat the objection for failure to exemplify an exception to overruling a motion for a new trial as waived. The particular objection referred to is a matter of substance which the statute precludes us from dispensing with under the rule. The statute, section 2081, Revised Statutes 1909, provides that no exception shall be considered on appeal to any proceeding in the circuit court except such as shall have been expressly decided by such court. In view of this, we are not permitted to examine a matter of exception here unless it appears the exception was preserved in the court below. The saving clause in the rule to the effect that the court may disregard objections to the abstract if it deems proper in the circumstances therein recited is in aid of the court in the performance of its duty under the law, to the end of enforcing such statutory precepts as are provided for the disposition of cases on appeal. When the statute thus expressly commands us not to review a question on appeal to which no exception appears to have been saved in the trial court, we are not permitted to treat the matter as waived under the rule, especially when the counsel insist upon their right to have the statute observed.

There appearing no exception to the action of the court in overruling a motion for new trial, the judgment should be affirmed. It is so ordered. All concur.