C. M. HOPPER, Trustee of the Estate of GEORGE W. THOMPSON, a Bankrupt, Appellant, v. JAY FULBRIGHT and MOSES F. HARDY, Respondents.

Kansas City Court of Appeals, November 17, 1913.

1. PRACTICE, APPELLATE: Exception to Overruling of Motion for New Trial. When appellant's abstract of the record fails to show the taking or preservation of any exception to the overruling of the motion for new trial, there is nothing before the appellate court except the record proper.

2. ———: ———: Place of. An exception to the overruling of a motion for new trial is not a part of the record proper and must, therefore, be preserved in the bill of exceptions. Putting such exception in the record proper does not preserve it.

3. ———: ———: Supplemental Abstract. Where appellant's original abstract fails to show an exception to the overruling of the motion for new trial, such defect cannot be cured by a supplemental abstract filed after respondents had filed their brief suggesting the defect, and after the date on which appellant was required to file his original abstract.

4. ———:· ———: ———. Even if the supplemental abstract herein could be considered, it would not cure the defect since it still fails to show that the bill of exceptions contains such exception.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb*, Judge.

AFFIRMED.

*John D. Taylor* for appellant.

*N. A. House* and *O. F. Libby* for respondents.

TRIMBLE, J.—Appellant's abstract of the record failed to show the taking or preservation of any exception to the action of the trial court in overruling his motion for a new trial. After the date on which appellant was required to file his abstract and brief, and after respondents had filed their brief attacking appellant's abstract because it failed to show such exception, and in fact after the cause had been submitted on briefs without argument, appellant filed a supplemental abstract in which the omission above mentioned was attempted to be cured.

Under these circumstances we are confined to an examination of the record proper, and cannot consider anything outside thereof, in passing upon this appeal. An exception to the overruling of a motion for a new trial is not a part of the record proper and must be preserved in the bill of exception. Putting such exception in the record proper does not preserve it. In this case, however, such exception did not appear either in the record proper or in the bill of exceptions. Unless an exception is taken, and preserved by bill of exceptions, to the overruling of the motion for new trial there. is nothing before the court for review except the record proper. [Ross v. Railroad, 141 Mo. 390; Hill v. Taylor, 99 Mo. App. 524; State v. Murray, 126 Mo. 526.]

The supplemental abstract fails to cure the defect, even if the supplemental abstract could be considered, for the reason that it still fails to show that the *Bill of exceptions* contains the absent exception. But the supplemental abstract came too late. Where appellant's abstract contains a defect such as here noted, he cannot, after respondent has suggested such failure in his brief, be permitted to cure the defect by a supplemental abstract without the consent of respondent. [Harding v. Bedell, 202 Mo. 625, l. c. 636; Everett v. Butler, 192 Mo. 564, l. c. 569; Barham v. Shelton, 221 Mo. 66, l. c. 69; Phoenix Stone, etc. Co. v. Huggins, 136 Mo. App. 209, and many other cases.]

We are, therefore, confined to the record proper, and, finding no error therein, must affirm the judgment. It is so ordered. All concur.