ANNA REIMER, Appellant, v. KANSAS CITY PORTLAND CEMENT COMPANY and UNION LAND & MATERIAL COMPANY, Respondent.

Kansas City Court of Appeals, February 16, 1914.

APPELLATE PRACTICE: New Trial: Record Proper: Bill of Exceptions. Matters of exception must be in the bill of exceptions, filed in the trial court, and the abstract of the bill should show that such matters of exception are in the bill. Therefore, where one files an abstract which fails completely to separate the record proper from matters of exception and so confuses them that it is impossible to tell where the bill of exceptions begins or ends, the case must be considered as if no bill of exceptions had been filed. And where the error claimed is a matter of exception and is not shown to have been properly preserved the judgment will be affirmed.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

*Jos. P. Fontron* and *Sutton & Sutton* for appellant.

*Harkless, Crysler & Histed* and *Hogsett & Boyle* for respondent.

JOHNSON, J.—Plaintiff, the widow of Claus Reimer, deceased, sued to recover damages for the death of her husband which she alleges was caused by the negligence of defendant, his employer. The first count of the petition alleges acts of common law negligence and in the second, a cause founded on a violation of the statute relating to the guarding of machinery is pleaded. The trial resulted in a verdict for plaintiff in the sum of ten thousand dollars. Plaintiff filed a remittitur of $2500 and the accrued interest and judgment was entered for $7500. Afterward the court sustained defendant's motion for a new trial on the ground of error "in giving instruction number 3, asked for by plaintiff." The cause is here on plaintiff's appeal from the judgment granting a new trial.

It appears to have been the idea of plaintiff to restrict her abstract of the record to such matters of record proper and of exception as she thought had a direct bearing on the precise question of law the trial court solved in a manner to compel the granting of a new trial. But in her zeal for abridgment she has prepared and filed an abstract which fails completely to separate record proper from matters of exception and so confuses them that it is impossible to tell where the bill of exceptions begins or ends. Indeed, there is nothing to identify any part of the abstract as pertaining to a bill of exceptions.

We must say of the abstract as was said of the one before the Supreme Court in St. Louis v. Young, 248 Mo. 347, that it "is constructed on a plan steadily condemned by this court as so inherently bad as to be fatally defective, viz., it commingles in an undistinguishable mass matter of exception with record proper and matter contained in record entries, without any earmark to guide us in telling where one begins or the other leaves off. In that fix we cannot know what is in the bill of exceptions. The rule is that since matters

of exception must be in the bill of exceptions, the abstract of the bill should show that matters of exception are in the bill. There is only one reference in the abstract to a bill of exceptions and that (at its very close) relates to the filing of one within the leave granted. New rule 31 does not help appellant.

"The judgment below being presumptively correct and finding it responsive to the pleadings, it is affirmed under the authority of many cases. We cite some as samples. From these discern all: Reno v. Fitz Jarrell, 163 Mo. 1. c. 413; State v. Baty, 166 Mo. 561; Clay v. Publishing Co., 200 Mo. 1. c. 672-3; Stark v. Zehnder, 204 Mo. 1. c. 448-9; Gilchrist v. Bryant, 213 Mo. 1. c. 443; Harding v. Bedoll, 202 Mo. 625; Kolokas v. Railroad, 223 Mo. 455; Wallace v. Libby, 231 Mo. 341; Keaton v. Weber, 233 Mo. 1. c. 694."

Defendant attacked the abstract in its printed brief after which plaintiff filed a supplemental abstract. Passing the point that the proffered amendment came too late, we find the supplemental abstract does not touch and, therefore, does not attempt to cure any of the fatal defects of the original. We still have nothing from plaintiff in the shape of an abstract but a hopeless confusion of things relating to record proper with matters of exception. Reference to one of the defects will suffice to illustrate the fatal insufficiency of the abstract. It is impossible to ascertain whether or not any exception to the ruling of the trial court in sustaining defendant's motion for a new trial was preserved in a bill of exceptions. Such exception is not a part of the record proper and must appear in a bill of exceptions to be reviewable in the appellate court. [Hopper v. Fullbright et al., 160 S. W. 840.]

"There might as well be no bill of exceptions at all, as to file here an abstract which does not, in some reasonable way, point out what it contains. No court should guess at what is in such bill. The case then

must be considered as if no bill of exceptions had been filed.'' [Gilchrist v. Bryant, 213 Mo. 442.]

Since the error claimed by plaintiff is a matter of exception and is not shown to have been properly preserved, it follows that the judgment granting a new trial must be affirmed. It is so ordered. All concur.