CHARLES W. FERGUSON, Appellant, v. CHARLES A. BAKER, Respondent.

**St. Louis Court of Appeals, February 2, 1915.**

**APPELLATE PRACTICE: Granting New Trial: Prerequisites to Review.** Although the order sustaining or overruling a motion for a new trial must appear in the record proper, it is nevertheless essential to a review of such ruling, on appeal, that an exception thereto be taken and preserved in the bill of · exceptions, .and this is true where the motion is sustained as well as where it is overruled.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*J. H. Trembley* and *Collins, Barker & Britton* for appellant.

*F. J. McMaster* and *Stevens & Stevens* for respondent.

The record does not show that any exceptions· were taken or saved to the action of the court in sustaining the motion for a new trial, from which this ·appeal· is taken. Reed et al. v. Moss et al., 167 S. W. 523.

ALLEN, J.—This is a suit to recover damages for alleged false and fraudulent representations made by defendant to plaintiff, while acting as the latter's agent; whereby plaintiff is said to have suffered loss in and through the sale of a lot of ground in Webster Groves,, Missouri. Upon a trial of the issues below, there was a verdict for plaintiff, upon which judgment was accordingly entered. Thereafter a motion for a new trial filed by defendant was sustained and a new trial

granted, from which order plaintiff prosecutes this appeal.

The point is made that the record shows no exception saved by appellant to the ruling of the court sustaining respondent's motion for a new trial. As no such exception appears in the record, this alone suffices to prevent a review here of the action of the lower court in granting the new trial. Under our appellate practice, an adverse ruling upon a motion for a new trial is not open to review in the absence of an exception preserved thereto. Appellant concedes that this is true where a motion for a new trial is overruled, but suggests that a different rule should obtain where the motion is sustained. But it cannot matter what may be the court's ruling upon the motion, for in any event its ruling thereupon, adverse to appellant, is a matter of which appellant cannot complain unless it appears that an exception thereto was saved.

It was suggested by learned counsel for appellant, in argument *ore tenus,* that the action of the court on the motion is a matter belonging in the record proper. This is true. "The record proper must show the filing of the motion, and the action of the court thereon, but if an exception to the action of the court is to be taken, it must be preserved in the bill of exceptions, and in abstracting such bill of exceptions the fact that the exception has been preserved, must appear." [Hays v. Foos, 223 Mo. l. c. 423, 122 S. W. 1038.]

It follows that the action of the court in sustaining the motion for a new trial must be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.


ON MOTION FOR REHEARING.


ALLEN, J.—Learned counsel for appellant fear that we have overlooked the argument advanced in their reply brief in support of the contention that

it is not essential that the record show the saving of an exception where a motion for a new trial is *sustained.* We did not overlook this argument, but regarded it as without force. An exception to the action of the court upon a motion for new trial, whatever such ruling may be, must be contained in the bill of exceptions in order to preserve the matter for review in the appellate court, under our practice. Such, in effect, is the general statement of the rule in Hays v. Foos, supra. And we know of no possible ground for making the distinction sought to be made by counsel. Nor is what we said in Thaler v. Niedermeyer et al., 185 Mo. App. 250, 170 S. W. 378, as to this rule of law, of any consequence here; for whatever may be said of it, it is settled by many rulings of the Supreme Court, which it is our plain duty to follow.

The motion for rehearing is overruled.