HAROLD D. KNIGHT, APPELLANT, v. J. H. SUTHERLAND AND O. E. MITCHELL, RESPONDENTS.—47 S. W. (2d) 785.

St. Louis Court of Appeals.   Opinion filed April 5, 1932.

*John H. Bradley, John A. McAnally* and *A. T. Welborn* for appellants.

896

*McKay & Peal* and *Ward & Reeves* for respondents.

SUTTON, C.—This action was commenced by attachment in the circuit court of Pemiscot County, and went on a change of venue to the Cape Girardeau Court of Common Pleas of Cape Girardeau County. The petition is in two counts. The first count seeks to

recover rents on farm lands in Pemiscot County alleged to be due from defendants as plaintiff's tenants. The second count seeks to recover from defendants monies expended for the purpose of furnishing seed and feed to defendants, and to enforce the lien therefor under the provisions of Section 2590, Revised Statutes 1929. The attachment affidavit charges, as grounds for the attachment, that the defendants are removing, and have within the last thirty days, removed their property from the premises. The trial resulted in a judgment for defendants on both counts of the petition. Plaintiff appeals.

At the threshold of the case we are confronted with appellants' motion to strike out respondents' additional abstract of the record. The ground of the motion is that the additional abstract was not served fifteen days before the date set for the hearing of the cause, as required by rule 12 of this court. Appellant's abstract of the record was served in due time, that is, thirty days before the date of the hearing. Respondents' additional abstract was served eight days before the hearing. Appellant's abstract shows the filing of a motion for a new trial, sets out the motion *in haec verba*, shows the overruling of the motion by the court, and the exceptions of appellant thereto. All these matters are shown in the abstract as appearing in the bill of exceptions. Respondents' additional abstract shows that none of these matters appear in the bill of exceptions. In addition to this, the original bill of exceptions, brought here pursuant to the order of this court, is devoid of any mention whatever of a motion for a new trial. If we take the record as it actually exists, rather than as it is made to appear by the appellant's abstract, we are not permitted to review matters of exception. [Ross v. Kansas City, Ft. S. & M. R. Co., 141 Mo. 390, 42 S. W. 957; Kansas City v. Mastin, 169 Mo. 80, 68 S. W. 1037; Scott v. Kansas City L. & T. Electric R. Co., 256 Mo. 610, 165 S. W. 1101; Serrano v. St. Louis & S. F. R. Co., 150 Mo. App. 607, 131 S. W. 371; Hopper v. Fulbright, 174 Mo. App. 499, 160 S. W. 840; Ferguson v. Baker, 187 Mo. App. 619, 173 S. W. 41; Stevens v. Sexton, 10 Mo. 30; Landgraf v. Saunders Press Brick Co., 80 Mo. App. 538; Tarr v. Crump, 136 Mo. App. 464, 118 S. W. 488; Bohn v. Lucks, 165 Mo. App. 701, 147 S. W. 1112; Blanchard v. Dorman, 236 Mo. 416, 139 S. W. 395.]

Respondents excuse their failure to serve their additional abstract in time, as follows: "Owing to the high standing of counsel representing appellant, respondents did not check appellant's abstract until they proceeded to make their brief, which had to be served only five days before the day the case was set for hearing, and at that time they discovered that additions had been put in the abstract not warranted by the bill of exceptions, and corrected it by an additional abstract."

It is apparent that the appellant has not been surprised or prejudiced, or put to any disadvantage on account of the filing of the additional abstract out of time. He has not even been put to the trouble or expense of preparing and printing his brief in reliance upon the supposition that his own abstract, importing into the bill of exceptions things making matters of exception reviewable, would be taken as the true record in the cause, since his brief was served along with his abstract of the record, and long before respondents' additional abstract was due. We are unable to see how appellant is in any less advantageous position with respect to the presentation of the case here, than he would have been had the additional abstract been served in due time as required by the rule. Nor has the appellant offered any suggestion of prejudice resulting to him on account of the failure of respondents to comply with the rule. He merely insists upon a supposed legal right to an arbitrary enforcement of the rule, to the end that the case may be disposed of here upon a fictitious record, rather than upon the actual record as shown by the additional abstract and the bill of exceptions before us.

A rule of court prescribing the time for serving an additional abstract should not be adhered to so rigidly as to stand in the way of the court's relaxing it in the interest of justice, when to do so, will injure neither of the litigant parties. In such a case the question is for the court, and relates to whether or not to relax the rule will unduly obstruct the orderly dispatch of the judicial business of the court. [Pennington v. Kansas City Rys. Co. (Mo.), 223 S. W. 428.]

We think the motion to strike respondents' additional abstract should be overruled.

Notwithstanding the conclusion we have reached, with respect to the motion to strike the additional abstract, we have nevertheless examined the record and briefs of counsel, and we entertain no doubt that the case was well tried below, and rightly adjudged.

No question has been raised on the record proper.

The Commissioner recommends that the motion to strike respondents' additional abstract be overruled, and that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The motion to strike respondents' additional abstract is accordingly overruled, and the judgment of the circuit court affirmed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.